Flower, King & Putnam vs. Myrick.

## No. 12,366.

### FLOWER, KING & PUTNAM VS. J. R. MYRICK.

INTERVENTIONS OF MISS OLIVE RUTH MYRICK AND BEN MYRICK.

*No Collation was Due.*—Plaintiffs sought to foreclose their mortgage, *via ordinaria.*

The intervenors claimed that they owned the property mortgaged by inheritance from their mother.

At their majority they accepted the succession.

The tutor of intervenors administered the property and received rents and other revenues for the minors, for which he failed to account.

The intervenor was without authority to require collation of amounts not donated by the mother (the mother at her death was not even a creditor of the co-heirs).

The indebtedness of the co-heir, of whom collation was demanded, was to the tutor of the minor, and not to the succession of the mother.

Conceding that the co-heir was indebted to the succession—a debt incurred since the succession was opened—the portion of each heir in the realty was not subject to reduction (as against a third person) in order to equalize the shares. The co-heir had the right to mortgage his portion to the plaintiff free from any claim for collation.

*Amendment on Appeal.*—The answer to the appeal was not filed in time. Moreover, the defendant was not a party to the appeal, and therefore appellee's prayer to amend the judgment was not granted.

APPEAL from the Sixth Judicial District Court for the Parish of Richland. *Ellis, J.*

*H. P. Wells* for Plaintiffs, Appellees.

*J. W. Willis* for Intervenors, Appellants.

Argued and submitted January 22, 1897.
Opinion handed down February 1, 1897.

The opinion of the court was delivered by

BREAUX, J. The plaintiffs brought this suit, *via ordinaria*, against the defendant to recover an amount of eighteen hundred dollars secured by mortgage, and an additional amount unsecured by mortgage.

Miss Olive Ruth Myrick filed an intervention alleging that plaintiffs' mortgage is a nullity for the reason that the mortgagor was not the owner of the property; that it was held at the time in indivision

by her and her co-heir, the mortgagor; that it had not been under the administration of her tutor, who never made any settlement of his tutorship, or rendered any account; that he, the tutor, owes her in collation more than the value of the half of the property mortgaged and owned by her and her co-heir in indivision, as just stated.

She averred that her claim is due by the succession and that it should be paid in preference to any debt of her co-heir, J. R. Myrick, the mortgagor, who has fraudulently mortgaged property in which he only had an eventual or contingent interest, and not an absolute right, and that this was known to plaintiff.

She also averred that there are other claims than her own, which also have a preference on the succession property. She asks that the place mortgaged be sold to effect a partition and liquidation of the succession between her and her co-heir, the mortgagor, and that he be condemned to collate whatever amount he may have received in excess of his share, and that after settlement of all claims, including the collation which she claims, and after proper deduction from the active mass, that the *residuum* be divided equally between her and her co-heir; that plaintiffs' mortgage be restricted to the half of the *residuum* which may, after a full settlement of the succession, fall to her co-heir, the defendant. She alleges, also, that her tutor died insolvent.

Ben Myrick also intervened and reiterated the grounds upon which Olive Ruth Myrick based her intervention, and further claimed a large amount due him by the succession of Martha E. Myrick for the support of the minor Olive Ruth Myrick, which the tutor had failed to provide, although the revenues of the minor received by him were ample to defray all expenses for her support and education.

The plaintiffs. in their answer to the petitions of intervenors, pleaded the general denial, and specially pleaded that Miss Olive Ruth Myrick had accepted the succession of her mother, after her majority—that any claim due her by the succession was in consequence extinguished by confusion. They pleaded the prescription of three years.

It is admitted that at the date of the death of Mrs. Martha E. Myrick, mother of Miss Olive Ruth Myrick, she owed no debts. We are informed that E. Myrick, tutor, collected rents and other revenues, which he diverted from the credits of the minors, and

expended in his own business ventures, and that they were finally squandered and lost.    That these revenues from the year 1876 amounted to about eight hundred dollars per annum; that the defendant, J. R. Myrick, received board and clothing valued at one hundred and twenty dollars per annum, while the other minor, the intervenor, did not receive anything.  Her support and education were paid by her under-tutor.

It appears that all the debts were incurred after the death of Mrs. Myrick, and during the time that the tutor had the administration of the property.

The judgment of the District Court recognized plaintiffs' claim against J. R. Myrick, and the mortgage held by them was decreed executory as to the property described in their petition.

The demand of the intervenor for the settlement of the succession of her mother, Mrs. M. E. Myrick, and for collation by her co-heir of such sums as he may have received in excess of his share of the rents and revenues, was rejected, as to plaintiffs.   The intervention of Ben Myrick was sustained against the interest of Miss Olive Ruth Myrick on the proceeds of the sale of the place mortgaged, to the amount of his claim.

The place mortgaged was decreed to be sold to effect a partition, and it was ordered that plaintiffs be paid out of the undivided half of the proceeds, and the claim of intervenor, Ben Myrick, out of the other half, and the *residuum*, if any, to be equally divided between the two owners—the costs to be paid by preference.

In this court, during the argument on appeal (after counsel for the intervenor had closed his argument), the appellee offered to file his answer to the appeal, in which he prayed for an amendment of the judgment.   Counsel for appellant objected to the filing as too late.

It is true, as alleged, that Miss Myrick, intervenor, and her brother, the defendant, at their majority, accepted the succession of their mother, who died in 1876.   A few days after her death her brother, Ed. Myrick, qualified as tutor of her minor children; Ben Myrick, an uncle, who is an intervenor here, qualified as their under-tutor.

It is insisted by Miss Myrick that the succession of Mrs. M. E. Myrick, her mother, was the " donor;" that J. R. Myrick secured some advantage from the rents and other revenues of the succession property, which he is bound to collate.

The mere definition of collation of the Civil Code, we think, is a complete answer to this proposition.

The children or grandchildren must collate what they have received from their fathers, mothers or grandparents. C. C. 1228. In the case before us the children had not received any donation for which they were accountable, and owed no debts to their mother. As heirs they could not, therefore, be called upon to collate anything to the mass of the succession as left to them by their mother.

We think this provision of the Code meets the proposition of intervenors, and that, as a mere matter of collation under the articles of the Code relative to that subject, the co-heir could not be called upon to collate.

But the intervenors urge that the law contemplates perfect equality among co-heirs, and that, in consequence, each should be held bound to return to the succession sufficient of the amounts that he has received from the succession to equalize the shares.

In the first place we think it evident that the funds having been misapplied by the tutor, while the property was under his administration, the tutor thereby became indebted, and not the succession from which the funds were realized. In short, they were the debts of the tutor and not of the succession. If the facts be as we think they are, this completely solves the question, for we are certain no one will contend that the succession is bound for amounts received by the tutor for account of his ward. If we should concede that it is a debt of the co-heir incurred since the death of his mother and due by him to the succession, his debt would only be, at most, an ordinary indebtedess, one entirely unsecured as to the creditor by mortgage or privilege of any kind.

The co-heir who is an ordinary creditor of his co-heir has no real right on the property of the succession; he can only exercise a personal action against his debtor; he can not, by reason of his claim, have himself decreed the owner of a larger portion of the immovable property in the partition. Fuzier-Herman, Vol. 2, p. 187, No. 34.

The other intervenor, Ben Myrick, is also without a *locus standi* in the case.

He was not a creditor of the succession, but of the tutor, for the support, maintenance and education of the minor. As an under-tutor he is not in a position to claim anything from the succession

Whited & Wheeless, Limited, vs. Assessor et al.

from which the tutor has collected amounts for which he should have been compelled to account to his ward.

The failure of the appellee to timely file his answer gave rise to the last question before us for our determination.

The offer to file the answer at the time it was tendered to be filed is as if no answer had been offered.

We are authorized to amend judgments at the instance of the appellee only upon answers filed within the time prescribed.

Moreover, the defendant is not a party to the appeal. It is not possible to amend a judgment against a defendant (who has not appealed and who is not made a party). The controversy on appeal was between the plaintiffs and intervenors. Barrett vs. Donovan, 17 An. 182.

The judgment is affirmed.

MR. JUSTICE MILLER recused.