No.——

First Circuit

## COURTNEY v. BALLARD

(March 8, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 24.**

In view of Article 2275 of the Civil Code a receipt showing payment in full for one's interest in the succession of his mother effects a conveyance of the movable and immovable property.

2. **Louisiana Digest—Evidence—Par. 252, 254.**

In the absence of allegations of error, fraud or duress, parol evidence is inadmissible to prove that receipts showing payment for all one's interest in his mother's estate included only the movable property and not the immovable.

Appeal from Livingston Parish. Hon. Columbus Reid, District Judge.

Action by W. A. Courtney, Jr., against Mrs. Frances Malian Ballard, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Nicholls Pugh, of Springville, attorney for plaintiff, appellee.

R. M. McGehee, of Hammond, attorney for defendant, appellant.

MOUTON, J. Plaintiff and his deceased wife, Willery Daniels, acquired movable and immovable property, during the existence of their marriage, which was inventoried after her death in 1910. The inventory amounted to a total of $2155.00. There are eleven heirs. Taking the inventory as a proper criterion for the value of the estate, the inheritance of these heirs amounted to a little over eleven hundred dollars, entitling each heir to a sum slightly above $100.00 for their respective shares in the community. The proof shows that plaintiff gave $97.50 to each of his children in settlement of what was coming to them in their mother's estate. All the heirs gave receipts to plaintiff for said amount, acknowledging that it was received in satisfaction of their respective shares in the estate of their mother. Nine of the heirs, on July 22, 1924, executed a notarial act confirming and ratifying the payments made to them by their father, and for which they had given him their receipts as aforesaid. The defendants, Mrs. Frances Malina Ballard and Mrs. Malissa Adele Mizelle, having refused to sign this act of confirmation, plaintiff brings this suit against them to have himself decreed the owner of all of the property of the estate.

Both of the defendants signed a receipt in favor of plaintiff as follows:

"Received from W. A. Courtney, Jr., the sum of $97.50, being her part of her mother's succession. Received payment in full of all demands."

The receipt given by Miss Malissa Mizelle is dated, November 1, 1911, and the other by Mrs. Ballard, December 2, 1911. At that time they were both over the age of twenty-one years. This suit was brought in 1926, about fifteen years after the receipts were signed. The contention of the defendants is that the receipts were intended to cover only their interest in the movable property of their mother's estate. The heirs of Mrs. Willery Daniels, having accepted the succession, became co-owners

or co-proprietors in the movables and immovables which comprised her portion of the community. The two defendants gave their individual receipts to their father, plaintiff, for $97.50, which they acknowledge they were given for their "part" in their mother's succession and in full payment of all demands.

In Guice vs. Mason, 156 La. 201, 100 South. 397, it was held that a written receipt for part of purchase price money of realty satisfies C. C. Art. 2275, requiring transfer of immovables to be in writing. Here the receipts of the two defendants were not for a part of the purchase price but were in full payment of the share of each defendant in the movables and immovables which constituted the estate of their mother, thus effecting a conveyance to plaintiff of their respective undivided interest therein.

Defendants offered to introduce parol evidence to show that these receipts had been intended to cover only their interest in the movable property of their mother's estate. The district judge excluded this testimony on the ground that defendants had not attacked the receipts for error, fraud or duress. In the absence of such an attack we find that the court properly held the evidence inadmissible; also correctly decreed plaintiff owner of the property transferred by defendants.