REID, Judge.
This suit was brought originally by Mrs. Dorothy Ebeling Sullivan, widow of Edward Sullivan, through her Curator, Rob■ert J. Caire, against Walter A. Sullivan and Mrs. Jane Porter Jackson, praying for partition by licitation of a tract of land •containing 41.44 acres, situated in Section 41, T 8 S R 14 East, St. Tammany Parish. Plaintiff alleged her interest in the property was acquired in the Succession of Edward Sullivan on August 4, 1954. After the original petition was filed plaintiff died on November 6, 1958 and Robert J. Caire and his wife Heda Williams, sole heirs of the decedent were substituted as parties plaintiff. Plaintiffs amended the original petition alleging the Succession of Walter J. Sullivan owns an undivided J^ths interest and petitioners an undivided ^th interest in the property and praying they be recognized as the owners in said proportions and further praying for a partition of the property by licitation.
Plaintiffs allege Edward Sullivan, their ancestor in title, obtained his interest from the Succession of Mrs. Ellen McGill, widow of William J. Sullivan.
The Succession of Walter A. Sullivan, represented by Mrs. Lillie Calvert Sullivan, Executrix, answered, admitting the late Edward Sullivan acquired a i/^th interest in the property. from the Succession of his mother, Mrs. Ellen McGill Sullivan, but contending Edward Sullivan released his interest in the property and simultaneously recognized the late Walter A. Sullivan and William J. Sullivan as sole owners thereof by an instrument dated July 12, 1927, signed by Edward Sullivan. A photostatic copy of said instrument was attached as part of the answer. Defendant further answered pleading prescription of 30 years relying upon Article 3499 of the LSA-Civil Code.
The matter was tried and with written reasons the Lower Court rendered judgment in favor of plaintiffs, recognizing plaintiffs and defendants as owners in in-división of the property in the proportions set out in the amended petition and decreeing a partition by licitation. From this judgment the defendant, Succession of Walter A. Sullivan has brought this appeal. Subsequently, the Succession of Walter A. Sullivan was closed, and the heirs, Walter E. Sullivan, Frederick C. Sullivan Jr., and Walter L. Sullivan were substituted as parties defendant.
The appellants set forth in their brief the following specifications of error:
“1. The Trial Court erred in holding that Edward Sullivan had not released his interest in the lands long prior to his death.
*51 “2. The Trial Court erred in failing to maintain the pleas of 30 years prescription.”
With regard to the first specification of error, that Edward Sullivan had released his interest in the lands prior to his: death,, defendants rely on a document which is a. carbon copy impression of a typewritten instrument reading as follows:
“New Orleans, La.
July 12, 1927.
Received of Edward Sullivan the sum of Three Hundred Twenty-Three and 37/100 (323.37) Dollars each, being the proportionate share of the net estate of Mrs. Ellen McGill Sullivan as per statement hereinbelow set forth.
It is understood and agreed that this settles in its entirety the estate of the said Mrs. Sullivan, save and except to that piece of real estate situated in the Parish of St. Tammany, Louisiana, which it is understood and agreed belongs in indivisión to Walter A. Sullivan and William J. Sullivan,, and it is understood that when the said Walter A. Sullivan and William J. Sullivan shall require, we will, at their expense, convey to them any apparent interest we might have in said property.
We hereby release and acquit Edward Sullivan from any responsibility-in the matter and give him full release and acquittance.
Statement of Affairs
Receipts: a/c Sale Canal Bank Stock $ 975.02’
a/c Dividends “ 32.00
a/c “ German-American Bank 10.00
1017.02
a/c Stock Greater N. O. Homestead 800.00
Cash on hand with E. Sullivan 215.30
$2032.32
Less Bills:
Undertaker $250.00
Dr. Watson 27.00
Attorney Fees 125.00
Costs of Court 13.50 415.50
Net Estate $1616.82
Each heirs proportion $ 323.37”
At the foot of this exhibit written in pen and ink in the alleged handwriting of Edward Sullivan are these words:
“Walter:
This is your copy, will have you sign original later. *
Ed.”
The original of this document could not be produced and no one was able to testify the document had ever been executed by the heirs of Ellen McGill Sullivan. All of the heirs of Mrs. Sullivan were deceased and no one could give any explanation as to any of the facts or circumstances surrounding the confection of this agreement and when, or if, the original had ever been signed. There is some testimony in the record that Edward Sullivan neither exerted any rights to this property after his moth *52 er’s death nor after judgment was rendered in her Succession recognizing him as an heir. Since 1943 the taxes on the property-have been paid by Walter A. Sullivan. At one time the property was sold to the State for unpaid taxes in the name of Mrs. Ellen Sullivan. Walter A. Sullivan effected a redemption of this property and subsequently the property was assessed in his name. He secured quit claim deeds from all the other heirs except the heirs of Edward Sullivan and ordered the property surveyed by Mr. Joseph Pugh, Parish Surveyor, in 1945.
Walter Sullivan attempted unsuccessfully to sell portions of the property because an attorney checked the title and rejected it due to the fact there were no deeds to Walter A. Sullivan from his co-heirs.
The appellants cited numerous cases to the effect form is not sacramental in written contracts such as deeds, recognition of title, and counter letters etc. related to real property. See Losavio v. Losavio Realty Company, 212 La. 23, 31 So.2d 412; Blank v. Blank, 124 La. 832, 50 So. 745; Boisse v. Dickson, 32 La.Ann. 1150; Cordaro v. Wapper, La.App., 126 So.2d 809; Courtney v. Ballard, 5 La.App. 754; Hitchcock v. Harris, 1 La. 311; Rachal v. Normand, 6 Rob. 88; Guice v. Mason, 156 La. 201, 202, 100 So. 397; Saunders v. Bolden et al., 155 La. 136, 98 So. 867; Milburn v. Wemple, 156 La. 759, 101 So. 132.
In the latter case, Milburn v. Wemple, supra, the defendants introduced a memorandum contending it represented an agreement of settlement of an inherited estate in opposition to plaintiff’s suit for partition. In refusing to recognize the agreement the Court held:
“We will say, however, that a mere reading of the document indicates that it was nothing more than a memorandum for a settlement to be carried out in the future by means of the execution of the requisite deeds, and did not in itself constitute a complete and final adjustment between the parties.”
In the other cases there was evidence of consideration and written agreements were offered showing transfers, or sales, although no formal deeds were written. In this case there is no evidence that any money was paid or received for the settlement, nor is there evidence the original of the agreement was signed by the named heirs. No evidence was offered to indicate circumstances by which Walter A. Sullivan and William J. Sullivan acquired the property in dispute.
Honorable Frederick S. Ellis, Judge of the Lower Court found as follows:
“After a due consideration of the authorities cited in brief by counsel, it is the opinion of the Court that in the absence of proof of the execution of the original receipt and agreement by the heirs of Ellen McGill Sullivan, no effect can be given to the copy thereof which was forwarded to Walter A. Sullivan despite the note written across • the bottom by the late Edward Sullivan. Although the circumstances surrounding this entire matter, including the deeds from all of the other heirs of Ellen McGill Sullivan, which are in the record, are extremely persuasive, the Court would have to indulge in assumptions unwarranted by the evidence in order to reach any other conclusion.”
We are in accord with this finding.
This brings us to the question of plea of prescription. As a general rule owners in indivisión cannot acquire title by prescription against each other. In order for one co-owner or co-heir to prescribe against the other his possession must be clearly hostile to the rights of the others, and in such instances it is necessary in order to commence the tolling of prescription notice be given by the former to the latter of his intention to hold animo domini all the common property. Lee v. Jones, 224 La. 231, 69 So.2d 26. There is no evidence in this case of any notice given by Walter A. Sullivan to his co-heirs of his intention *53 to possess this property, in opposition to his co-owners. The law is clearly stated in the concurring opinion of Justice McCaleb in the Succession of Seals, 243 La. 1056 150 So.2d 13, as follows:
“A distinction should be recognized, I think, between a case like this, in which a co-owner pleading 30-year acquisitive prescription takes initial possession under a deed translative of the property, albeit invalid, and a case in which a co-owner enters possession of the whole without a paper title and without clearly indicating to the other co-owners that he intends his possession to be hostile to their interests. In the first instance, it strikes me that the very fact that he acquires a title for valuable consideration, as in this case, is sufficient to rebut any legal presumption that he is possessing for his co-heirs or co-owners, which normally obtains in cases in which the co-owner simply takes possession of the land. * * * ”
For the foregoing reasons we find the judgment of the Lower Court is correct and, therefore, is affirmed.
Affirmed.