### HITCHCOCK vs. HARRIS.

Evidence of the receipt of a sum of money for a slave, and a promise to warrant the title, is sufficient evidence of a sale, and a document which contains evidence of these two facts, is a bill of sale, and admissible evidence.

Whether parol evidence can be received of a promise to warrant the soundness of a slave? Quere?

APPEAL from the court of the first district.

This suit was brought to recover back the price of two slaves, purchased with twelve others, by the plaintiff from the defendant, and which the petition alleged were unsound at the time of the sale, to the knowledge of the defendant. The general issue was pleaded, and on

Eastern District.
May, 1830.

HITCHCOCK
*vs.*
HARRIS.

the trial of the cause the plaintiff offered in evidence, as a sale of the slaves, a receipt of the defendant for the price, and containing a promise to warrant and defend the title, and offered a witness to prove the hand writing of the defendant. To the introduction of this instrument the counsel for the defendant objected, on the ground that it had not the form or requisites of a sale, and that parol evidence of the defendant's hand writing could not be received. The objection was overruled, and the witness, on being sworn, testified, that he presented the receipt to the defendant, who acknowledged his signature, and said that he had warranted the negroes therein mentioned to be sound, and they were so.

There was judgment for the plaintiff and the defendant appealed.

*Grymes* and *McCaleb*, for appellant, contended:

1. The bill of exceptions was well taken, at least in part, the judge most assuredly erred in permitting parol evidence to prove that defendant confessed he had warranted the slaves to be sound, when the written instrument shows that he warranted the title only. 3 Starkie,

1007, note 1; 1 Carolina Law Repository 263;
1 Murphy, 426.

2. Even admitting that parol evidence could be received, yet the court erred in not taking the whole admission together and undivided. The witness deposed, viz: "Defendant said he warranted the negroes in said document to be sound, *and they were so.* The admission that proved the warranty as to *soundness*, proved the *soundness* itself.

*Eustis*, for appellee.

MARTIN, J. delivered the opinion of the court. The plaintiff seeks to recover the price of two slaves, sold to him by the defendant, and damages, on an allegation, that at the time of the sale, they were, in the knowledge of the defendant, absolutely unsound, and of no value; laboring under a pulmonary disease, from which they since died. The general issue was pleaded. The plaintiff had judgment and the defendant appealed.

His counsel has called our attention to a bill of exceptions taken to the opinion of the court, who admitted in evidence an instrument of writing, offered as a bill of sale, and

HITCHCOCK
*vs.*
HARRIS.

*Evidence of the receipt of a sum of money for a slave, and a promise to warrant the title, is sufficient evidence of a sale, and a document which contains evidence of these two facts, is a bill of sale, and admissible evidence.*

received parol proof of the defendant's hand writing.

The document objected to, was a mere receipt of the price of the slaves, concluding with a promise to warrant and defend the title.

It is very clear that evidence of the receipt of a sum of money for a slave, and the promise to warrant the title to him, is a sufficient evidence of a sale, and that the document which contains evidence of these two facts, is a bill of sale, and in the present case the court did not err in receiving the paper in evidence, nor in admitting testimonial proof of the signature of the vendor. 3 *Martin, n. s.* 336.

On the merits, the evidence was partly oral and partly written, and, as is often the case, somewhat contradictory, and we are unable to say the inferior judge erred in the conclusion to which he arrived.

*Whether parol evidence can be received of a promise to warrant the soundness of a slave? Quere?*

The appellant's counsel has, however, complained that parol evidence was received of a promise to warrant the soundness of the slaves: this evidence however was received without any objection on his part.

A charge of forty dollars for medical attendance is also said to be improperly al-

lowed, and it is said the doctor deposed he made no charge for these services. The testimony shows, the doctor said he made no particular charge for these two slaves, having attended them with others of the plaintiff—but he added, had he made a particular charge, he would have asked forty dollars for them. We conclude the judge did not err in taking it for granted that the plaintiff was charged for these negroes on the general bill he paid for his negroes, including these.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.