PRUDENT RACHAL v. FRANÇOIS ·M. NORMAND and another.

The sale of a slave must be in writing, but the law requires no particular form. The statement in a promissory note, made by the purchaser, that it was given for the price of the slave, is sufficient.

A purchaser, with knowledge of an existing privilege or mortgage, cannot avail himself of its not having been registered.

APPEAL from the District Court of Natchitoches, *King*, J.

*J. Taylor*, for the appellant, cited 8 Mart. N. S. 136, 246. 6 Ib. N. S. 716. Acts of 1813, and 1824. Bullard & Curry's Dig. 596–597.

*Sherburne* and *J. B. Smith*, contra. A note reciting that it was given for the price of a slave, cannot be considered written evidence of a contract of sale. No contract is complete without the consent of both parties. In reciprocal contracts this assent must be expressed. Civ. Code, art. 1759. Contracts for the sale of slaves, or other real property, must be in writing. Ib. art. 2415. The sale to Normand was incomplete, wanting the signature of the vendor. 3 Mart. N. S. 458. *Daquin* v. *Coison*, 6 Ib. 679.

MARTIN, J. The facts of this case are these. The plaintiff sold a slave to Normand, for one thousand dollars, one-half of which was paid in cash, and the balance was given in a note, payable in about twelve months. This contract was made in the presence of Lacour, who was called as a witness thereto. Lacour shortly after purchased the slave from Normand, who not long after left the State, being insolvent, and it is not proved where he has taken up his residence. The present suit is brought, on the appointment of a curator to Normand, for the recovery of the amount of the note, and against Lacour, in order to have it decreed that the judgment obtained against Normand, may be satisfied by the sale of the slave sold to him by the plaintiff, and by him to Lacour, in whose possession he is, the plaintiff claiming on him the vendor's privilege. Judgment was obtained against Normand, but Lacour successfully resisted the claim of

the plaintiff, on the allegation and proof that the plaintiff's sale to Normand had not been registered.  The plaintiff has appealed. `

The sole question which the case presents for our solution is, whether the plaintiff can exercise his privilege of vendor, when he has neglected to register the sale, on making proof of the knowledge, of Lacour, at the time he made the purchase from the plaintiff's vendee, that the latter still owed part of the price of the slave to the plaintiff.  The counsel of Lacour has denied that there was any written sale of the slave from the plaintiff to Normand, and he urges, that the parol sale of the slave is null.  Our law has prescribed no form for the sale of a slave.  It, however, requires it to be written, and forbids any testimonial proof of the sale.  In the present case, the sale from the plaintiff to Normand appears in writing, on the face of the note, which is expressly stated to have been given for the balance of the price of the slave.  This precludes Normand from denying the existence of a sale, of which he has furnished written evidence under his signature.  The plaintiff, by receiving Normand's note, and instituting the present suit on it, has given evidence by a matter of record, of his having made the sale ; so that there is nothing in the averment, that the sale did not take place.  The knowledge of Lacour, at the time he purchased the slave, that part of the price was not then payable, is established.  In the case of *The Planter's Bank of Georgia* v. *Allard*, 8 Mart. N. S. 136, the only question which this case presents, was determined in favor of the vendor.  We there expressed our opinion that a purchaser, with a knowledge of an existing mortgage, cannot avail himself of the want of registry. It is true, that was the case of a *mortgage*, and the one now before us is that of a *privilege*.  Both mortgages and privileges have the same effect, to wit ; that of enabling the creditor to demand the sale, for the payment of his debt, of property in the possession of another.  In the present comparison, we do not necessarily include the privilege of the vendor of other property than lands and slaves.

It is, therefore, ordered, that the judgment, as far as it relates to Normand, be affirmed ; and as far as it relates to Lacour, that it be annulled ; and it is ordered, that the slave Daniel, in the pos-

session of the appellee, be sold to satisfy the judgment obtained against Normand; Lacour paying the costs in both courts.