### Joseph Berret v. William C. Adams.

When knowledge of a particular redhibitory defect is brought home to the buyer, the general war-
ranty implied by law will not cover that defect. A special warranty can alone enable the buyer
to rescind the sale, or reduce the price, on account of such defect.   C. C. 2498.

THIS case was tried by a jury, before the District Court of the Parish of
    Iberville.

*Labauve*, for plaintiff.   *Deblieux & Matthews*, for defendant and appellant.

Buchanan, J.  The plaintiff sues defendant upon the following promissory note:

"One year after date, for value received, I promise to pay *Joseph Berret* or
order, the sum of five hundred dollars, the same being for a negro boy by the
name of *Nelson*, bought this day of said *Berret*.       William C. Adams."

Defendant pleads, that the strange behaviour of the slave *Nelson*, soon after
the sale, induced him to suspect that said slave was of unsound mind; that he
ascertained that the slave was in fact incurably insane, and had been so at the
time of the sale, and long before, to the knowledge of plaintiff, to whom he had
tendered the slave, which tender plaintiff had refused to accept.  Defendant
claims the rescission of the sale, and damages in reconvention for expenses in-
curred in keeping the slave.

The evidence establishes conclusively that the slave *Nelson* had been subject
to fits of insanity previously to the sale, and subsequently thereto.  But it is
also established, that the purchaser was apprised of this redhibitory malady
before the date of his purchase.  It is proved that he served upon a jury of
freeholders before whom *Nelson* was tried, about six months before the sale,
upon a capital charge of having assaulted his master with an axe, and bitten
him, drawing blood.  The defence urged to that accusation by the counsel who
defended the slave, was insanity; and the identical evidence given on the
trial of the present suit, on the subject of the unsound state of mind of the
slave, was given before the defendant sitting as juror in the capital prosecu-
tion.  There was a miss-trial; and subsequently the slave was discharged
from custody by the District Attorney.  It is further proved, that the subject
of *Nelson's* unsound mind was the subject of conversation between plaintiff,
defendant and a third person, in reference to a contemplated sale of the negro.
And lastly, it is proved by many witnesses, that the price of the sale to defend-
ant—five hundred dollars, at one year's credit—was less than one-half of what
the negro might have been sold for in cash, had he been of perfectly sound
mind.

The only written proof of the sale of the slave *Nelson*, consists in the pro-
missory note copied above.  Warranty against redhibitory maladies is cer-
tainly an implied condition of every sale of the kind; but the form which the
parties have chosen to give to their contract, the absence of any of the custo-
mary stipulations, must certainly be viewed as corroborative of the parol testi-
mony of knowledge on the part of the purchaser, at the time of the sale, of
the redhibitory defect of which he now complains.  The District Judge charg-
ed the jury who tried this cause, that defects which are known to the buyer at
the time of the sale, are to be considered as upon the same footing with ap-
parent defects, and that the reason of Article 2497 of the Code, is applicable

to the former class. We cannot say that the learned Judge erred. When knowledge of a particular redhibitory defect is brought home to the buyer, the general warranty implied by law will not cover that defect. A special warranty can alone enable the buyer to rescind the sale, or reduce the price, on account of such defect. See *Campbell* v. *Botts*, 5 Ann. 106. C. C. 2498.

Judgment affirmed, with costs.