**(100 South. 397)**

**No. 24111.**

**GUICE et al. v. MASON et al.**

(March 24, 1924. Rehearing Denied by Division B May 12, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Payment ⬤74(4)—Evidence held to show that signature to receipt for purchase money was genuine.**

In a petitory action to recover title to realty alleged to have been purchased by husband and father of plaintiffs prior to his death, evidence *held* to show that defendant's signature to receipt for part of purchase money was genuine.

**2. Frauds, statute of ⬤103(1)—Written receipt for price satisfies statute.**

Written receipt for part of purchase money of realty satisfies Rev. Civ. Code, art. 2275, requiring transfer of immovables to be in writing.

**3. Estoppel ⬤43—Acquired title inures to benefit of purchaser's widow and heirs.**

Where defendant sold property, title to which was in his mother, and some years after purchaser's death mother transferred title to defendant, such transfer inured to benefit of purchaser's widow and heirs.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Suit by Mrs. Nannie A. Guice and others against Dr. W. H. Mason and another. Judgment for plaintiffs and defendants appeal. Amended and affirmed.

Hal Burgess, of Mansfield, for appellants.

James G. Palmer, of Shreveport, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a petitory action in which the widow and children of T. J. Guice, deceased, seek to recover of defendants title to 80 acres of land.

The prayer of the petition is for judgment recognizing Mrs. Guice as the widow in community and the children as the sole and only forced heirs of the deceased; annulling the sale of the property by Dr. W. H. Mason to Will Roach; and ordering the defendants to make title to the plaintiffs to the property, or, in the alternative, for judgment against defendant W. H. Mason for $2,500 as damages for the loss of the property, and $200 for loss of the rent thereof for the year 1918.

Before answering defendant Mason filed an exception of misjoinder, a prayer for oyer, a motion to elect, and an exception of no cause of action. Plaintiffs answered the prayer for oyer, and filed the documents called for therein, and filed a supplemental and amended petition making Will Roach a party to the suit. The exceptions were overruled, and defendant Mason answered. The answer admits that plaintiffs are the widow and children of T. J. Guice, deceased, but denies the existence of any community property between Mrs. Guice and her husband at the time of the latter's death; it denies the genuineness of defendant's signature to the receipt of March 7, 1889, produced in response to the prayer for oyer; it denies that the sale to Roach was made in bad faith; it admits that defendant orally agreed to sell the property in dispute to T. J. Guice; it admits that Guice took possession of the property and remained in actual possession of it until his death, but it avers that defendant called the sale off 20 years before the filing of this suit because no part of the purchase price of the land had been paid; it admits that defendant received a horse valued at $85 from T. J. Guice, but it avers that Guice agreed that, if the purchase price of the land was not paid in full, any partial payment of the price would be considered as rent therefor, and under this agreement the value of the horse was applied as a credit on the rent; and, in the alternative, the prayer is for judgment against the plaintiffs for $415 with 5 per cent. interest thereon

from March 1, 1889, the alleged balance due on the purchase price of the property, and for $125 for taxes paid by defendant thereon.

Defendant Roach filed an exception to the amended petition; a motion to elect; an exception of no cause of action; and the plea of prescription of one and ten years.

The minutes of court do not show what disposition was made of the exception to the amended petition and the motion to elect, but, as similar pleas were filed by defendant Mason and overruled, we assume that these pleas were disposed of in the same manner. The exception of no cause of action and the plea of prescription were referred to the merits, and defendant Roach filed his answer. As to all allegations of the petition affecting his interest he makes the same denials as defendant Mason, and he alleges that he purchased the land in good faith, and prays for judgment decreeing him to be the owner thereof.

The record discloses that Mrs. Nancy A. Mason, wife of John R. Mason, acquired 1,100 acres of land, more or less, by inheritance from her parents. When the children, the issue of her marriage to John R. Mason, grew up, she set apart 160 acres of this land for each child. She did not convey title to these lands, but each one of the children was sent into possession of the particular land set apart for him or her. Each child possessed 160 acres of this land in one compact body or tract, except Dr. W. H. Mason. The land set apart for him consisted of two tracts of 80 acres each. The two tracts were disconnected and some distance apart. Mrs. Nannie E. Guice and Dr. W. H. Mason are sister and brother, and children of Mrs. Nancy A. Mason and John R. Mason. One of the 80-acre tracts set apart for Dr. W. H. Mason adjoined the 160-acre tract occupied by Mrs. Nannie E. Guice and her husband, T. J. Guice. Dr. W. H. Mason was a young man and a medical student. Money was required to enable him to complete his course of study in a medical college, and in order to secure funds for this purpose both Dr. W. H. Mason and his father, John R. Mason, with the knowledge and acquiescence of Mrs. Nancy A. Mason and the other children, sold the 80-acre tract adjoining the lands occupied by Mr. and Mrs. Guice to T. J. Guice. The sale was a mere oral agreement. The preponderance of the testimony shows that the sale price of the land was $400. On March 7, 1889, T. J. Guice paid to Dr. W. H. Mason $100 as part payment of the purchase price. This payment is evidenced by the original receipt for that sum which is pasted in the transcript, page 30, and is as follows:

"Received of T. J. Guice, of De Soto Parish, La., the sum of one hundred dollars ($100) in part payment of a certain 80-acre tract of land laying broadside with the 160-acre tract that he now lives on. This the 7th day of March, A. D., 1889.                    W. H. Mason."

[1] Dr. Mason denies his signature to this receipt, but the evidence of its genuineness is very strong and convincing. The document itself, the testimony of the cashier of the local bank, the comparison of the signature thereon with the signature of Dr. Mason to the answer filed in this suit, which was sent up in the original and appears in the transcript immediately following page 31; Dr. Mason's admission that he made a verbal sale of the property to T. J. Guice; that Guice took immediate possession of the property and exercised all of the rights of ownership thereof from that date to the date of his death, a period of many years; that the widow and heirs of Guice continued in undisputed possession of the property for several years after his death, and the understanding and belief of the other members of the family, support the averments of the petition to a degree approaching certainty, and force us to the conclusion that Dr. Mason's

memory is at fault with respect to this receipt.

The second payment on the purchase price of the land was made to John R. Mason, the father of Dr. Mason, and is evidenced by the original receipt therefor which is pasted in the transcript, page 39, and is as follows:

"Received of T. J. Guice the sum of one hundred dollars ($100.00) in part payment on the 80 acres of land bought from W. H. Mason. This the 20th day of December, A. D. 1891.
                                      "J. R. Mason."

[2] If is admitted that, subsequent to this payment, T. J. Guice gave Dr. Mason a horse valued at $85. With these payments properly credited the balance due on the purchase price of the property was $115. The petition alleges that this balance was repeatedly tendered to Dr. Mason and a title deed demanded of him, and Mrs. Guice testifies to the correctness of this averment. The answer denies, and Dr. Mason testifies, that he has never received any part of the purchase price of the property. The record does not support the doctor's averment, and we are again forced to the conclusion that his memory is at fault.

"The sale of an immovable must be in writing, but the law requires no particular form. Thus a receipt for the price of land is good evidence of a sale." Richards v. Nolan, 3 Mart. (N. S.) 336, 337; Hitchcock v. Harris, 1 La. 311, 314; Rachal v. Normand, 6 Rob. 88; Berret v. Adams, 10 La. Ann. 77.

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the property thus sold." R. C. C. art. 2275.

[3] When defendant W. H. Mason sold the property involved in this suit, and for many years thereafter, the title thereto was in Mrs. Nancy A. Mason. Some years after the death of T. J. Guice Mrs. Nancy A. Mason transferred the title to this property to Dr. W. H. Mason. This transfer inured to the benefit of T. J. Guice and his widow and heirs, and the subsequent sale of this property by W. H. Mason to Will Roach conveyed no title thereto to that purchaser.

If property is sold by a vendor who has no title thereto, but who afterwards acquires title, the acquisition of title inures to the benefit of the vendee. Noulen v. Perkins, 3 Rob. 233; Wells v. Blackman, 121 La. 415, 46 South. 437; Fenn v. Rils, 9 La. 95; Stokes v Shackleford, 12 La. 170; Lee v. Ferguson, 5 La. Ann. 533; Barkley v. Succession of Steers et al., 47 La. Ann. 957, 17 South. 438; Benton v. Sentell, 50 La. Ann. 869, 24 South. 297; City of New Orleans v. Riddell, 113 La. 1051, 37 South. 966.

For these reasons we are of the opinion that the judgment herein should be amended by awarding to the defendant the balance due him on the purchase price of the property, to wit, $115, with 5 per cent. per annum interest thereon from March 7, 1889, and, as Mrs. Nancy A. Mason paid the taxes on the property until the title thereto was transferred to Dr. Mason, and the doctor has paid the taxes thereon and has had the use, rents, and revenues, if any, of the property since that time, we think the rights of both parties with respect to these claims should be reserved to them, and it is so ordered; and, as thus amended, that the judgment be affirmed. The costs of the appeal to be paid in equal proportions by appellant and appellee.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.