TATE, Judge.
This case was previously transferred by us to the Supreme Court, 75 So.2d 901, 71 So.2d 363; but was transferred back. 231 La. 988, 93 So.2d 532.
Pursuant to plaintiff’s prayer, the District Court rendered judgment ordering partition in kind between plaintiff Isaac Haney and defendant Gladys Dunn of a 53-acre tract of land lying on Plank Road about 12 miles north of Baton Rouge. Defendant appealed from the judgment insofar as it recognizes plaintiff as owning a one-half interest in the tract in question. Defendant denies that plaintiff has any interest whatsoever in the property, and alternatively argues that plaintiff’s interest cannot exceed one-fourth.
On October 17, 1938 the tract in question was purchased by Oscar Planey, brother of plaintiff (Isaac Haney), during the existence of a marital community between Oscar Haney and Laura Hughes Haney. This marriage and community was dissolved by divorce on May 12, 1941. On September 27, 1943, Oscar Haney by cash sale sold the entire tract in question to Gladys Dunn, defendant-appellant. (Subsequently, Oscar Haney and Gladys Dunn were married.)
Plaintiff’s interest in the land is based upon his purchase on October 5, 1943 of an undivided one-half interest from Laura Haney, the first (divorced) wife of Oscar Haney. Laura Hughes’ interest in the property of course resulted from its acquisition during her subsequently-terminated marriage to Oscar Haney.
In urging that Isáac Haney was divested of all interest in the property, defendant-appellant chiefly relies upon a receipt signed by plaintiff-appellee (about six days after his purchase of Laura Hughes’ one-half interest), which reads in full:

"Oct. 11, 1943 “Received the sum of $349.42 from Oscar Haney.

“sign

"Isaac Haney.”

Certain parol evidence was introduced, subject to plaintiff’s objection [1] the purpose of which was to prove that by the 1938 deed Oscar Haney purchased the tract in question both for himself and for his brother Isaac (each party putting up one-half of the purchase price).
Based upon this testimony, able counsel for defendant-appellant argues: (a) that since the community of Oscar and Laura Haney owned only one-half of the tract, then at dissolution thereof Laura’s one-fourth (Y2 of 1/2) was all that plaintiff *245 Isaac could acquire from her; and/or (b) that by the receipt above stated in full, Isaac Haney sold his entire interest in the property, both his one-half he had acquired jointly with Oscar Haney and the one-fourth he subsequently purchased from Laura Haney.[2]
We think the District Court correctly held the parol evidence so tendered to be inadmissible, both:
(1) To prove that Isaac Haney, although unnamed in the 1938 deed, was a co-purchaser of the tract with Oscar Haney. Parol evidence is not admissible to prove that the purchaser of immovables was in reality some other person than the purchaser named in the act of sale, and thus by such testimony to create title in said unnamed purchaser, Articles 2275, 2276, 2440, LSA-Civil Code; Ceromi v. Harris, 187 La. 701, 175 So. 462; Hanby v. Texas Co., 140 La. 189, 72 So. 933; Eberle v. Eberle, 161 La. 313, 108 So. 549; and the many authorities cited in these three cases; and also,
 (2) To prove that the receipt above quoted in full was a sale by plaintiff of any interest whatsoever in the land in question. Where a receipt was even more explicit (stating that it was for “payment on place”, without describing the land sold), the Supreme Court held that parol evidence was inadmissible to establish the identity of the land sold; since although admissible in aid of a defective or ambiguous description, parol evidence can only be so used where there is a sufficient reference in the writing so that the title is based substantially on the writing and not essentially on the parol. Lemoine v. Lacour, 213 La. 109, 34 So.2d 392. Cases permitting parol evidence to explain a receipt as a sale relied upon by appellant, such as Guice v. Mason, 156 La. 201, 100 So. 397, were distinguished in that the writings relied upon therein contained a “substantial description” of the affected property.
Furthermore, the inadmissible parol testimony of both Isaac and Oscar Haney reflects that at the time Isaac advanced certain sums to Oscar to be used on the purchase price of the land herein involved, no clear understanding was reached between the two as to whether Oscar was purchasing the land for both of them, or whether Isaac was lending Oscar the money to be repaid when the land was sold. At various places in their testimony, both of them testified that both of these contrary intentions were correct. Because of this, and aside from other reasons why such evidence is not admissible to prove title to real estate, we cannot accede to the ingenious argument of counsel for appellant that a letter of September 25, 1943 bj counsel for plaintiff to Oscar Haney after a controversy arose, claiming for plaintiff an interest in the property in question[3], constitutes a sufficient description in writing, together with the receipt, as to enable the use of parol evidence to explain the receipt as a sale.
Defendant-appellant further urges, in appellate brief for the first time, that the judgment of partition should recognize that she owns individually her residence which was erected on the land subsequent to plaintiff-appellee’s acquisition from Laura Haney of his one-half interest in said tract. Whether the house indeed belongs to defendant as an improvement made by the owner on land owned by her, Articles 505, 506, LSA-Civil Code, Moore v. Blount, La. App. 2 Cir., 160 So. 319; or whether (if *246 this makes material difference under the present facts), as an improvement erected by her on land co-owned by another, she merely had the right to be reimbursed for the cost of the materials or else to receive the value that the tract was enhanced by the improvement, Article 508, LSA-Civil Code, Lasyone v. Emerson, 220 La. 951, 57 So.2d 906, 907; Grouchy v. Williams, 161 La. 909, 109 So. 545 (these cases however concerning partitions by licitation) ; we do not feel called upon to decide at this time under the facts and pleadings of this case.
A partition in kind was ordered which, the evidence shows, contemplates defendant receiving acreage upon which her residence is situated equal in value to the acreage plaintiff shall receive, upon which is situated the house occupied by plaintiff and his (and Oscar Haney’s) mother. When the partition is presented for homologation, Article 1374, LSA-C.C., either party has the right to file a written opposition insofar as they object to the partition presented as prejudicial, Articles 1375-1377, LSA-C.C.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.

. Objection to a question as to bow Isaac Haney’s interest in the property arose: “We have introduced a certified copy of the act of sale. The Court: Let it in, subject to the objection.” (Tr-66; see also Tr-71, 72.) We disagree with defendant-appellant’s contention that the above objection was not sufficient to preserve plaintiff’s objection to the use of parol evidence to prove a sale of and title to immovables, contrary to Article 2275, LSA-C.C.; although admittedly the objection could have been more explicit, as it was at Tr-71, 72.

. Recognizing the weakness of the latter argument, since Oscar Haney frankly admitted he had not intended to purchase Laura’s share, because he did not realize she owned same, defendant alternatively argues that the receipt merely conveyed Isaac’s own one-half and that Isaac retains merely the one-fourth he acquired from Laura Haney.

. Which interest was at that time denied by Oscar Haney, whose position then— before Isaac acquired Laura’s outstanding interest in the property- — -was that the sums advanced by plaintiff Isaac Haney were merely a loan to enable Oscar to buy the land.