ELLIS, Judge.
The purpose of this suit was for the ejectment of the defendant from premises which he allegedly held under and by virtue of a written lease from the mother of the plaintiffs, as the owner of an undivided one-half interest and the usufructuary of the other undivided one-half interest.
To the plaintiffs' petition the defendant filed an exception to the citation and one of no cause or right of action which was overruled. Defendant also filed an answer and a reconventional demand seeking damages against Mrs. Nell R. Allen, his alleged lessor and mother of the plaintiffs and also prayed that she be called in warranty to defend him in these proceedings.
Judgment was rendered in favor of the plaintiff and against the defendant ordering him to vacate the premises occupied and belonging to the plaintiffs within 24 hours. Hence the appeal to this court.
Counsel for defendant contends that the order directing the latter to show why he should not surrender the property was null and void for the reason that two clear days in which to appear and answer had not been afforded the defendant, all as provided in LSA-R.S. 13:4919. We find no merit in this contention. The suit herein was filed on June 10, 1958, and the order for the rule nisi was signed on the same date fixing the hearing on the 16th day of June, 1958. The defendant was served on the 14th day of June, 1958 and the rule continued on the 16th day of June, 1958 to the 23rd day of June, 1958. The defendant had more time than allotted him under the law.
The ruling of the District Court upon the exception of no cause of action was also correct, for upon the face of the petition plaintiff stated a cause of action.
On the merits the facts are comparatively simple. On January 16, 1958 Edgar B. Allen died, leaving as his forced heirs Leon-ora Connell Allen, wife of William Dale Thaxton, and Carl Hilliard Allen, the three plaintiffs herein, and his widow in community, Nell Richardson Allen. By judgment of Court the two children were recognized as owners of an undivided half interest and their mother, Mrs. Nell Richardson Allen of the other undivided half interest, together with the usufruct of the childrens’ interest in and to all of the property he died possessed of, among which was the property involved in the ejectment pro *589 ceedings, and which was described in part as follows:
“A certain tract or parcel of land together with all the buildings and improvements thereon, situated in the Third Ward of the Parish of East Baton Rouge, State of Louisiana, in that subdivision known as Howell Community Farms, containing eleven and 84/100 (11.84) acres, and designated on a plan made by J. J. and A. G. Mundinger, in March 1918, as Lots or Tracts Nos. Forty (40) and Forty-one (41), the ■said property being more particularly described as follows to-wit: Beginning at a point on the west side of the Plank road three thousand four hundred and twelve and five-tenths (3,-412.5) feet south of the northeast corner of that tract known as Howell ■Community Farms, thence running in a westerly direction on a line parallel to the north line of said tract a distance ■of ten hundred and fifty-five and eight-tenths (1055.8) feet to place of beginning, thence at right angles in a north■erly direction a distance of eleven hun■dred and forty-two and four tenths (1142.4) feet to corner; thence at right angles in a westerly direction a distance of four hundred and fifty-one and five-tenths (451.5) feet to a corner; thence at right angles in a southerly direction a distance of eleven ■hundred and forty-two and four-tenths (1142.4) feet to corner; thence at right angles in an easterly direction a distance of four hundred and fifty-one ■and five-tenths (451.5) feet to corner; .and being the same property acquired by Edgar B. Allen from Florian D. Dicharry on June 13, 1927; * * *
On February 1st, 1953 plaintiffs’ mother, Mrs. Nell R. Allen, under the authority as owner and usufructuary, entered into a written lease with the defendant as follows :
“Baton Rouge, La. Feb. 1, ’53.
“Be it known to all men that I, Gerald George, do contract with Mrs. Nell R. Allen from above date for rental of the house and grounds this being the part formerly occupied as the home in the estate of the late Edgar B. Allen and situated near Plank Road on Monarch St.
"I understand that this contract shall run for a period of five years from above date at rental price of $55.00 per month the first two years and at $60.00 per month for ensuing years.
“I further understand that in the event of development around or of an unusually good opportunity to sell, Mrs. Allen, lessor, shall have the right to sell provided that I, lessee, shall be given reasonable time to harvest any crops or to get off any of my effects profitable to me, Lessee.
“Signed: Mrs. Nell R. Allen
“Mr. Gerald C. George.
“In duplicate signed by both parties before me, this 28th day of January, 1953.
Nealon Stracener, Notary Public”
On March 21, 1956, Mrs. Nell R. Allen extended the five years rental contract, supra, an additional three years as follows:
“To whom it may concern: This is to certify that I Nell R. Allen, do agree to a three year extension of the present 5 yr rental contract, entered into 3 yrs (More or less) ago with Gerald George.
“The aforesaid contract has 2 yrs (more or less) yet to run but because of desired expension in facilities for egg production the said Gerald George wishes additional time for assurance in returns from expense in such expansion at the residence site on 72nd Ave. near Plank Road.
*590 “The rental price for the extension period it is agreed shall be $70.00 per month (seventy) and the other terms of present contract shall carry over into this extension.
“signed Nell R. Allen
Gerald C. George
“Witnesses: Jesse F. Sessions Mrs. Earl E. Klein
“State of Louisiana
“Parish of East Baton Rouge
“Before me, personally came and appeared Jesse F. Sessions, who, being by me first duly sworn, deposed and said: That he is one of the subscribing witnesses to the lease extension agreement on the reverse side hereof; that the signature of the parties thereto, and of the other witness were affixed in his presence, and that all of the signatures are genuine, and were affixed at the same time as he signed same.
“In witness whereof, appearer has hereunto affixed his signature with me, Notary, at my office in the City of Baton Rouge, this 22nd day of March, 1956.
“Jesse F. Sessions
“Nealon Stracener, Notary Public”
Dissension arose between the parties as clearly shown from the record and specifically by a letter from Mrs. Nell Allen on December 21st, 1957 to the defendant and we quote:
“Baton Rouge, La.
“December 21, ’57
“Mr. Gerald C. George
“Istrouma P. O. La.
“My dear Mr. George:
“It has lately come to my attention that you are preparing to enter suit against my having given permission for horses belonging to my son to graze in my pasture.
“I am writing to say that in the event of such a suit it shall be countered by a suit on the part of your lessor in the lease of the house and premises or grounds where you now reside pertaining to the defamation of the property there.
“Wanton destruction of wallpaper in the living-room, front and rear bedrooms; mutilation of front bed-room screens caused by children’s play in a chair (high-baclc) kept in front of it; careless neglect in allowing limbs of a tree near the house to invite rodents to occupy the attic thereby causing damage to the papered ceiling which you complained to me about as leaks in the insured asbestos roof; the high-handed manner in which you dealt with my new tenant in sending a negro driver at 7 A.M. rather demanding that the drive be cleared for your entrance into the pasture which you had requested to use, and I gladly consented because, as I told you, of the fire hazard in fall dryness — all these and other damages including removal of the heavy footrail of the bed in rear bedroom are obvious.
“Now, Mr. George, I have had the kindest regards for you and your family, but when you claim not only the house and grounds you leased at the pitiful figure of $55.00 per month but the entire place, I cannot but defend myself, and I shall do so in a court of justice if it becomes necessary.
“Remember, too, your free use and removal of wire enclosing the rent house in the southwest corner of the property.
“And I remember that you fixed the fence in order to put ‘my two little yearlings’ there, but surely you did not feel that you were to have the sole use of the more than six acres in the rear of the place.
*591 “Now when you are willing to proceed with kindness and with fairness, so am I.
“Sincerely,
“Mrs. Nell R. Allen
“P.S. Removal & use of wire in the fence separating the portion of rear of place planted in pecans trees, and that of the western sections formerly used by us as pasture was omitted in the above listing.”
Evidently as a result of the dissension and the letter, supra, defendant had the original lease and extension thereof recorded in the conveyance records of East Baton Rouge Parish on the 31st day of January, 1958. On the 18th day of April, 1958 Mrs. Nell Richardson Allen sold to Leonora Allen Thaxter and Carl H. Allen, her son, all of “vendor’s right, title and interest together with all rights of usufruct, in and to the following described property: * * which is the same 11.84 acres described above, supra.
In plaintiffs’ petition they allege that the Yz interest acquired on April 18, 1958, in the name of Leonora Allen Thaxter to be community property belonging to the community existing between William D. Thax-ton and her husband and one of the plaintiffs herein.
On April 21, 1958 attorneys for plaintiffs herein wrote a letter to the defendant, by certified mail, return receipt requested, which is as follows:
“Mr. Gerald George
“Box 3182 Istrouma Station
“Baton Rouge, Louisiana
re: Portions of Lot 40 and 41 Howell Community Farm
“Dear Mr. George:
■“This is to inform you that we represent the present owners of the above property which was purchased from Mrs. Nell Richardson Allen on April 18, 1958. It is our understanding that you are occupying a portion of this property as a tenant and we hereby give you formal notice to vacate the premises on or before May 1, 1958. In the event you have not vacated the premises on or before that date the necessary legal proceedings will be instituted to have you evicted. If in any way we can cooperate by assisting you in your moving process, please feel free to contact us and we will be happy to cooperate.
“Very truly yours,
“Kantrow, Spaht, West and Kleinpeter”
It is the plaintiffs’ contention that when they purchased on April 18, 1958 the undivided Yz interest of their mother, together with her rights of usufruct on the property described in their deed, they had every right to rely upon public records as to any lease allegedly outstanding, and that although the alleged lease and extension were recorded in the conveyance records of East Baton Rouge on January 31, 1958, approximately two and a half months prior to the date of their purchase, that this alleged lease did not adequately describe the property. Therefore, under Rev.Civ.Code of 1870, Art. 2670, LSA-C.C. which provided that: To the contract of lease, as to that of sale, three things are absolutely necessary, to-wit: “The thing, the price, and the consent,” and that under the doctrine of Mc-Duffie v. Walker, 125 La. 152, 51 So. 100, 105, and many other decisions in accord therewith, it is well established that a purchaser of an immovable, although he might have knowledge outside of the record, is bound only by registry. Plaintiffs quote from the McDuffie case as follows:
“The law makes no distinction between mortgages and sales or between creditors and vendees or mortgagees; nor does it discriminate contracts and those who acquire property with knowledge of unrecorded contracts and those who acquire without such knowledge. Its purpose is to establish and enforce as a matter of public policy upon the *592 subject of the most important property right with which it deals the rule that unrecorded contracts affecting immovable property ‘shall be utterly null and void, except between the parties thereto’. No language could be plainer or more emphatic and the courts have no more power to read into the rule established by it an exception, not contained in it, than they would have to read such an exception into the rule that a verbal sale of immovable property shall not affect third persons.”
Counsel for plaintiff in his brief stated:
“Thus, to give third persons adequate notice of a sale or a lease, it must first be properly described and placed of record in the Parish where the property is so situated. In the instant case, the defendant made efforts to offer parol evidence to adequately describe the property, however, these efforts were objected to and sustained by the Trial Judge on the ground that parol evidence could not be offered where the reference itself was not sufficient to give a description. In this instance, we wish to quote to Your Honors the recent decision in Haney v. Dunn [La.App.], 96 So.2d 243, at page 245 (1st circuit — 1957) as follows:
“ ‘We think the District Court correctly held the parol evidence so tendered to be inadmissible, both:
“ ‘(1) To prove that Isaac Haney, although unnamed in the 1938 deed, was a co-purchaser of the tract with Oscar Planey. Parol evidence is not admissible to prove that the purchaser of immovables was in reality some other person than the purchaser named in the act of sale, and thus by such testimony to create title in said unnamed purchaser, Articles 2275, 2276, 2440, LSA-Civil Code; Ceromi v. Harris, 187 La. 701, 175 So. 462; Hanby v. Texas Co., 140 La. 189, 72 So. 933; Eberle v. Eberle, 161 La. 313, 108 So. 549; and the many authorities cited in these three cases, and also,
“‘(2) To prove that the receipt above quoted in full was a sale by plaintiff of any interest whatsoever in the land in question. Where a receipt was even more explicit (stating that it was for “payment on place”, without describing the land sold), the Supreme Court held that parol evidence was inadmissible to establish the identity of the land sold; since although admissible in aid of a defective or ambiguous description, parol evidence can only be so used where there is a sufficient reference in the writing so that the title is based substantially on the writing and not essentially on the parol. Lemoine v. Lacour, 213 La. 109, 34 So. 2d 392. Cases permitting parol evidence to explain a receipt as a sale relied upon by appellant, such as Guice v. Mason, 156 La. 201, 100 So. 397, were distinguished in that the writings relied upon therein contained a “substantial description” of the affected property.”
“It is further important to note that the alleged lease executed supposedly on February 1, 1953, referred to a home in the estate of the late Edgar B. Allen, and situated near the Plank Road, on Monarch Street, whereas the alleged extension dated March 21, 1956, referred to a residence site on 72nd Avenue near Plank Road. Neither of these leases gives any substantial description of any property and are furthermore somewhat conflicting as to the location of the same. We therefore, respectfully submit that the description is not adequate and that the alleged leases themselves give no notice whatsoever to third persons purchasing upon the face of the public records.’
The conclusions reached in Haney v. Dunn were, of course, based upon the facts therein which are very different from the facts in the case at bar. In the Haney case, there was an attempt to prove by parol the purchaser of land was in reality some other person than the one named in the act of sale, and also an attempt to prove by pa- *593 rol that a receipt which stated: “Oct. 11, 1943. Received the sum of $349.42 from Oscar Haney” signed “Isaac Haney” was a sale by plaintiff of any interest whatsoever in the land in question in the suit.
A case similar to the Haney case, supra, factually is Lemoine v. Lacour, 213 La. 109, 34 So.2d 392, 393, in which an attempt was made to introduce parol testimony to identify property described only in a receipt which recited: “Received from Mr. Clifton Lemoine $35.0.0 for payment on place, W. L. Lacour, ‘C. P. Lemoine’ ”. The signature of C. P. Lemoine is under the signature of W. L. Lacour. In this case the Supreme Court stated:
“ * * * And in support of the contention he cites Saunders v. Bolden, 155 La. 136, 98 So. 967, Guice et al. v. Mason et al., 156 La. 201, 100 So. 397, 398, and Walker v. Ferchaud et al., 210 La. 283, 26 So.2d 746, 747. The cited cases are not appropriate here. In each of them the writing relied on contained a substantial description of the affected property. Thus in the Saunders case the property was described as the ‘Judie Lewis place.’ In Guice v. Mason the description was ‘a certain 80-acre tract of land laying broadside with the 160-acre tract that he [vendee] now lives on’ (brackets ours). And in Walker v. Ferchaud the contract of sale made reference to T24 Stella Street, on grounds measuring about 60 x 150, as per title’. In the instant case, however, each of the receipts merely evidences a ‘payment on place;’ it contains no description whatever of any property.
“There is applicable here, we think, the doctrine of Kernan v. Baham, 45 La.Ann. 799, 13 So. 155, which was followed in Jackson v. Harris et al., Second Circuit, 18 La. App. 484, 136 So. 166 [137 So. 655], viz.:
“ ‘The writings which defendants present as establishing their title are not only insufficient per se for that purpose, but they are so defective as not to serve as a basis upon which a title could be built up or eked out by parol. The declaration that the promissory note was given as “the price of certain lands in the parish of St. Tammany” is entirely too general to justify the admission of parol evidence to establish possession of particular property by the party named in the instrument as the ven-dee, and from such possession to assume or infer it to be that referred to in the writing. Parol evidence to establish identity is allowable, as is likewise parol evidence of possession, in aid of a defective or ambiguous description; but this is only in cases where there is a sufficient body in the description to leave the title substantially resting on writing, and not essentially on parol, as it wotdd have to rest, if at all, in the case at bar. (45 La.Ann. 799, 13 So. 159.)’”
Thus we see that the Supreme Court in the Lemoine case held that the description of the affected property in the Saunders case which was given as the “Judy Lewis place” and in the Guice case [156 La. 201, 100 So, 398] “A certain 80-acre tract of land laying broadside with the 160-acre tract that he now lives on”, and in the Walker case [210 La. 283, 26 So.2d 747] “124 Stella Street, on grounds measuring about 60 x 150, as per title”, was considered as a substantial description of the affected property which could be identified by parol testimony.
The Supreme Court of Louisiana in Walker v. Ferchaud, supra, after discussing the law and jurisprudence of Louisiana cited cases in other states and in discussing them stated:
“There are numerous cases in our sister states holding that parol evidence is admissible to identify a tract or parcel of land described with uncertainty in a contract to purchase or sell so as to enable the courts to enforce specific performance of such contracts to purchase or sell, among these being Kilday v. Schancupp, 91 Conn. 29, 98 A. 335, L.R.A.1917A, 151; Gendelman v. Mongillo, 96 Conn. 541, 114 A. 914; Price v. McKay et al., 53 N.J.Eq. 588, 32 A. 130; Harper et al. v. Wallerstein, 122 Va. 274, *594 94 S.E. 781, L.R.A.1918C, 517; Hurley et al. v. Brown, 98 Mass. 545, 96 Am.Dec. 671.
“The Gendelman v. Mongillo, supra, plaintiff was seeking specific performance of a contract to sell, which merely described the property as ‘6 Washington Place’, without mention of the city, county, or state. Defendant demurred to the complaint on the ground that the description was indefinite, and, in discussing the merits of this demurrer, the court said:
“ ‘The third ground of demurrer is that the land conveyed is not described with sufficient certainty, since it omits the town, county or State where the property is situated. The land described is ‘6 Washington Place’. Parol evidence is admissible to apply the description given in the memorandum, if it be a definite description, to the premises conveyed, if this identification can be made with reasonable certainty.
“ ‘ * * * if the description can be identified by proof of some extraneous fact, that may be done, although, if it be necessary to add a term to the description, that cannot be done. In making this identification we do not go to the oral negotiations, nor to oral proof of what the parties intended. To do this would add to the terms of the memorandum. What we do is to ascertain where 6 Washington Place is. We locate this street number in a given place by oral proof, and then we show by oral proof that the seller owned these premises. And then we draw the inference that the parties intended to convey the 6 Washington Place which the seller owned in this given place. The description given may be applied by oral proof, so as to ascertain the precise premises conveyed.’ ”
Applying the rule as stated in the aformentioned jurisprudence, the description of the property set forth in the lease and extension thereof “for rental of the house and grounds; this being the part formerly occupied as the home in the estate of the late Edgar B. Allen and situated near Plank Road on Monarch Street” and in the extension “at the residence site on 72nd Ave. near Plank Road” constitutes such a substantial description as would be adequate to place the plaintiff on notice and allow the introduction of parol testimony to identify the property described in the lease contract, or by such parol apply the description given therein to the property which the defendant contends is the object of the lease contract.
In the alternative plaintiffs contended “that even if the description could in any way be considered as adequate to give notice to third persons purchasing upon the face of the record, that the alleged leases themselves gave Mrs. Nell R. Allen the right to sell, unimpaired by any lessee. These stipulations referred to by counsel as the basis of his alternative contention are as follows: “I further understand that in the event of development around, or of an unusually good opportunity to sell, Mrs. Allen, Lessor, shall have the right to sell, provided that I, Lessee, shall be given reasonable time to harvest any crops or to get off any of my effects profitable to me, lessee.”
The alternative contention of plaintiffs was made for the first time in his brief for no where in an allegation does the petition contain any allegation of “ ‘development around’ or ‘of an unusually good opportunity to sell’ nor that the defendant lessee had been given a reasonable time ‘to harvest any crops or to get off any of my effects profitable to me,’ ” nor is there any testimony in the record to support Mrs. Allen’s right to sell in accordance with such a stipulation.
It is therefore ordered that the judgment of the district court be annulled and set aside and that this cause be remanded to the district court for the purpose of allowing the introduction of parol evidence in accordance with the views expressed herein, and that thereafter, judgment be rendered in this proceeding by the district court.
Reversed and remanded,