438 So.2d 696 (1983)
FRANKS PETROLEUM, INC., Plaintiff-Appellee,
v.
Maxie K. MAYO, et al., Defendant-Appellee.
No. 15659-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Rehearing Denied October 20, 1983.
Writ Denied December 16, 1983.
*697 Blackwell, Chambliss, Hobbs & Henry by Frank N. Chambliss, West Monroe, for defendant-appellant Robert Don Russell.
Gaharan & Wilson by Joseph Wilson, Jena, for plaintiff-appellee.
Charles A. Traylor, II, West Monroe, for defendant-appellee, Maxie K. Mayo.
Before PRICE, MARVIN and SEXTON, JJ.
PRICE, Judge.
This concursus proceeding was invoked by plaintiff, Franks Petroleum, to determine the rights to royalties from an oil and gas lease covering property included in a drilling and production unit established by the commissioner of conservation. The adverse parties on this appeal are Robert Don Russell, appellant, and Maxie K. Mayo, appellee, who both claim ownership of a 1/7th interest in the subject property. Appellant Russell contends the trial court erred in applying the after acquired title doctrine to perfect a link in the chain of title through which Mayo acquired ownership of the property. The dispositive issue is whether the conveyance constituting the link in *698 question was a quit claim deed which precludes the application of this doctrine.
The case was submitted to the trial court on a stipulation of facts which established the following ownership history of the property in question. This property was once part of a 43 acre tract comprised of 10 acres on the East Side of the S.E. ¼ of the S.W. ¼, the West 1.2 of the S.W. ¼ of the S.E. ¼, and all that part of the West ½ of the N.W.¼ of the S.E. ¼ South of the Claiborne Road in Section 25, Township 18 North, Range 2 East, Ouachita Parish, Louisiana. The portions in dispute are the 10 acres of the East Side of the S.E. ¼ of the S.W. ¼ and that part of the West ½ of the N.W. ¼ of the S.E. ¼ South of Claiborne Road.
The entire tract was formerly owned by Edward and Henrietta Mayes, parents of seven children including Frances Mayes Griffin, a common ancestor in title of both Mayo and Russell. In 1954 after the deaths of her parents, Mrs. Griffin conveyed to her son, Eddie Senion, her interest in property described as the "East ½ of the N.W. ¼ of the S.E. ¼ West ½ of the S.W. ¼ of the S.E. ¼ of Section 25, Township 18 North, Range 2 East South of Claiborne Road containing 43 acres, more or less." It is conceded that this is an inaccurate description of the 43 acre tract in which she inherited an interest from her parents.
In 1960 Eddie Senion acquired a 1/7th interest in the entire 43 acre tract from his cousin Herman Sherman. In 1962 Senion conveyed to Hobson Norris, Mayo's immediate ancestor in title, "all his right, title, and interest in and to" the entire 43 acre tract as per the precise description of the property inherited by Senion's mother from her parents. There is no question that this transaction effectively conveyed to Norris a 1/7th interest in the West Half of the S.W. ¼ of the S.E. ¼ of Section 25 by virtue of the previous conveyance by Mrs. Griffin to Senion which contained a proper description of this portion of the tract.
Frances Mayes Griffin died in 1970, leaving Eddie Senion as her sole heir. On August 17, 1973, Hobson Norris conveyed to Maxie Mayo an undivided 1/7th interest in the entire tract as described in the conveyance to him from Senion. On November 15, 1973, Senion conveyed the property in dispute i.e., the 10 acres of the East Side of the S.E. ¼ of the S.W. ¼ and that part of the West ½ of the N.W. ¼ of the S.E. ¼ lying south of Claiborne Road, to Betty Beason, who later conveyed same to Robert Don Russell on June 11, 1974.
Based on these facts, the trial court held that Senion's acquisition of an undivided 1/7th interest in the disputed property upon his mother's death in 1970 inured to the benefit of his vendee Hobson Norris and his subsequent transferee, Mayo, by virtue of the after acquired title doctrine. He therefore found that Mayo is entitled to the royalties attributable to the disputed 1/7th interest in the property. Appellant Russell contends that the doctrine of after acquired title is not applicable to the 1962 conveyance by Senion to Norris because it was a quit claim deed.
The jurisprudential doctrine of after acquired title was discussed by the Louisiana Supreme Court in Guice v. Mason, 156 La. 201, 100 So. 397 (1924):
If property is sold by a vendor who has no title thereto, but who afterwards acquires title, the acquisition of title inures to the benefit of the vendee.
Appellant is quite correct in his contention that the doctrine is inapplicable to transactions evidenced by quit claim deeds. The doctrine is generally limited to cases where the vendor warranted title to the conveyed property, and has been extended to a sale without warranty under certain circumstances, but is not applicable to conveyances by quit claim deed, since such a deed transfers only the present interest of the grantor and not the property itself. See Waterman v. Tidewater Associated Oil Company, 213 La. 588, 35 So.2d 225 (1947). Thus the sole issue is whether the September 24, 1962 conveyance from Eddie Senion to Hobson Norris is a quit claim deed so as to preclude application of the after acquired title doctrine, in which case Russell would have the better claim to the property.
*699 Appellant bases his position that the conveyance in question is a quit claim deed on language inserted in the cash sale deed form by which the transfer was effected, specifying that the vendor was conveying "all of his right, title, and interest in and to the following described property ..." preceding the legal description of the property. He contends that such restrictive language means that Senion conveyed only whatever interest he had in the property at the time of the conveyance. Thus the question before us is primarily one of contract interpretation.
Contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. They must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance. La.C.C. Art. 1946. The contract must be viewed as a whole and, if possible, practical effect given to all its parts, according to each the sense that results from the entire agreement so as to avoid neutralizing or ignoring any of them or treating them as surplusage. La.C.C. Art. 1955. When there is anything doubtful in agreements, we must ascertain the common intention of the parties. La.C.C. Art. 1950. Some effect is to be given to every word or clause if possible, for a court may not impute to the parties the use of language without meaning or effect, and terms that present two meanings must be taken in the sense most congruous to the matter of the contract. La.C.C. Arts. 1951, 1952. See Lambert v. Maryland Casualty Company, 418 So.2d 553 (La.1982).
The instrument in question is described as a cash sale deed and the conveyance clause therein states that the property is sold "with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors." The language relied upon by appellant is not solely indicative of an intent to quit claim any interest in the property. It is also commonly employed to indicate that the vendor owns a fractional or undivided interest in the property being conveyed. This clause therefore does not, in and of itself, establish the intent of the parties to this transaction since Senion and his immediate ancestor in title did in fact have only a fractional interest in the property described. On the other hand, the fact that the conveyance clause states that the vendor did "grant, bargain, sell, convey, and deliver" the property does not conclusively indicate an ownership interest. See Waterman v. Tidewater Associated Oil Company, supra.
As pointed out in brief by appellee, Franks Petroleum, the 1954 conveyance from Griffin to Senion is probative of the issue before us. The trial court held, and we agree, that the obvious intent of the recorded act was to transfer Mrs. Griffin's entire interest in the 43 acres in Section 25 which she acquired from her parents. Granted, the description was inaccurate, omitting the description of part of the property and improperly describing property in which Mrs. Griffin had no interest. We do not necessarily hold that this conveyance containing an inaccurate description is sufficient to put third parties on notice of the transfer of the disputed property. However, since the only interest Mrs. Griffin had in Section 25 was the 43 acres formerly owned by her parents, and the act of transfer declared that she was conveying her entire interest in 43 acres in Section 25, we feel this evidences her intent to convey to Senion her interest in the property now in dispute and his intent to acquire that interest.
Accordingly, since Eddie Senion intended by this transaction to acquire his mother's interest in the disputed property, it can readily be inferred that he intended to transfer that undivided interest in the 1962 conveyance to Hobson Norris. We therefore agree with the trial court that the act in question was not intended to be a mere quit claim deed which would exclude any implication that the vendor has any title or interest in the property.
Having established that the 1962 conveyance from Senion to Norris was not intended *700 to be a quit claim deed, the doctrine of after acquired title becomes applicable to their transaction. Thus, even if Eddie Senion did not acquire valid title to his mother's 1/7th interest in the property through the 1954 conveyance, and did not validly convey that interest to Norris in 1962, he definitely acquired that interest when she died in 1970 leaving him as her sole heir. This acquisition of title inured to the benefit of his vendee Hobson Norris and to Norris' transferee Maxie Mayo. Mayo is thus entitled to the mineral royalties attributable to this interest in the property.
For these reasons the judgment appealed is affirmed. All costs of this appeal are assessed against defendant-appellant Robert Don Russell.