WILLIAMS, Judge.
This is an appeal from a decision of the district court awarding Ronald J. Vega damages against defendant Off The Wall Racquet and Health Club, Inc.
Plaintiff Vega and Cliff Zeairs became interested in forming a racquet ball club. Zeairs was an experienced player, and plaintiff had met him through contact with his [plaintiffs] son. Because neither Zeairs nor plaintiff had the financial means to start such a venture, they approached Jules V. Gaffney and Joseph P. Barreca with their idea. The parties agreed orally that each would initially invest $50,000.00 in the project. Zeairs and plaintiff’s investment were deferred for at least one year. Gaffney and Barreca donated the land on which the club was built. This land was carried on the books at a value of $200,-000.00. Gaffney and Barreca, therefore, each contributed what amounted to $100,-000.00, and the extra $100,000.00 was carried as a debt owing to them on the books of the racquet ball club. In addition, Gaff-ney and Barreca, with their wives, signed notes personally guaranteeing $500,000.00 which they borrowed from the bank. It should be noted that eventually, Gaffney and Barreca were required to sign additional notes, thereby incurring additional liability and incumbering additional property. As compensation for taking these risks, their ownership interest was increased to 30% and Zeairs and plaintiff’s were reduced to 20%. All parties agreed to this amendment of the original agreement.
The contract existing between the parties indicated that stock would be issued in the corporation, Off The Wall, once the company was out of debt. Furthermore, no individual was to receive any compensation for the promotion and forming of the club and all the parties to the agreement were to try to sell memberships. Zeairs was an employee of the club in charge of the racquet ball program, and the plaintiff was the manager of the club for all other areas.
Eventually Zeairs paid his $50,000.00 which entitled him to receive 20% of the stock as soon as the club was out of debt. Within the prescribed year, plaintiff only paid $14,640.00 into the club’s account. Approximately six weeks after the club’s opening, plaintiff terminated his position with the club. Plaintiff later filed suit against the club, and Gaffney and Barreca individually in an attempt to pierce the corporate veil. At trial, the lower court dismissed the suit against Gaffney and Barreca. The court held that Vega was entitled to recover $39,153.75 for his work in obtaining the memberships, under a theory of unjust enrichment. He was also allowed to recover $22,115.42, the remainder of money owed him under his employment contract with Off The Wall because the trial court found that he was forced to leave because of the actions of Gaffney and Barreca. Furthermore, the trial court found that the agreement was based upon a potestative condition and void as to Vega and awarded him the approximately $14,-640.00 that he had placed in the club. Finally, Vega was awarded $500.00 in damages for humiliation that he received as a result of a letter from the corporate attorney.
*155 It is from this judgment that defendant now appeals now asserting basically three errors as bases therefor: (1) the use of unjust enrichment by the trial court as a means to award damages; (2) the trial court’s finding that the contract contained a potestative condition; and (3) the trial court’s determination that plaintiff quit with cause.
UNJUST ENRICHMENT
The trial court awarded plaintiff damages based on a theory of unjust enrichment. The trial court held that plaintiff had worked in order to obtain a large number of life memberships for the club, and that he should be rewarded for those. The full requirements for recovery of unjust enrichment are set forth in Vandervoort v. Levy, 396 So.2d 480 (La.App. 4th Cir.1981). The requirements are: “(1) Enrichment; (2) Improvishment; (3) a connection between the enrichment and the improvishment; (4) an absence of justification of cause for enrichment and improvishment; and (5) the inability of any other remedy at law to plaintiff.” Id. at 484 citing La.Civ.Code art. 21 1965, 2292 et seq; Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1968); Capitano v. Huber, Hunt and Nichols, Inc., 359 So.2d 308 (La.App. 4th Cir.1978). We also note that the court held that absence of a contract is one of the prerequisites to recover an unjust enrichment. Id. at 484-85.
The facts presented at trial do not require the application of unjust enrichment. We find that there has been no improvishment to the plaintiff. Any benefit accruing by Off The Wall eventually would accrue to plaintiff. All of plaintiff’s efforts expended on behalf of Off The Wall were contemplated within the agreement entered into by the parties. Each of the investors contributed to the program in a non-monetary way. Furthermore, as defendant points out in brief to this court, the plaintiff has a legal remedy under contract law. This would preclude his use of unjust enrichment which is an equitable remedy.
The trial court, therefore, was in error in applying the doctrine of unjust enrichment, and the award of $39,153.75 is vacated. POTESTATIVE CONDITION
The trial court held that the portion of the contract which allowed for the issuance of stock once the corporation was free from debt was a potestative condition, and therefore void as to plaintiff. The trial court based its decision on testimony from accountants who said that the provision, taken literally, was an impossible condition, because a corporation would always be incurring debts in its normal operation.
The parties indicated that the intention of the provision was to mean free from pre-business commencement mortgages. The trial court said that because this was not the language which was contained in the contract and it could have been easily added, the agreement was void. Therefore, Vega was entitled to return of money he had placed in the corporation.
According to Article 2024 of the Louisiana Civil Code which existed at the time, a potestative condition is: “that which makes the execution of the agreement depend upon an event which it is in the power of the other of the contracting parties to bring about or to hinder.” See Palmer & Poche Potestative Condition, 47 Tul.L. Rev. 284 (1973). In interpreting agreements between parties, the trial court was required to follow the rules of interpretation of agreements as set forth at that time in Louisiana Civil Code Article 1945, et seq. Civil Code Article 1950 requires that whenever there is any doubt in an agreement, the court must try to find out what was the common intention of the parties rather than to adhere to the literal sense of the terms contained in the agreement. Article 1951 mandates us to interpret a clause which is susceptable to two interpretations in such a way that would give the agreement validity. See Franks Petroleum, Inc. v. Mayo, 438 So.2d 696 (La.App. 2d Cir.1983).
Because the testimony presented at trial indicated that it would be impossible for a corporation to ever be completely out *156 of debt, the trial court should have looked to the common sense meaning of the terms contained in the agreement. It is clear from its reasons for judgment, the trial court was aware of the parties’ intentions when they drafted the agreement. The issue is not whether the contract contained a postestative condition, but simply that it contained an ambiguous term, the meaning of which was supplied at trial. We hold that the trial court should have interpreted the passage in question in such a manner as to give effect to the contract. This interpretation would mean that stock should be issued once the pre-commencement debts were paid.
EMPLOYMENT CONTRACT
The trial court awarded plaintiff $22,-115.42 which represented the balance of payments he would have received during the duration of his contract had he not resigned.
Vega’s resignation apparently came as a result of increased hostility and a breakdown of relations between plaintiff and Gaffney. Plaintiff had wished to hire his own son, an accomplished racquet ball player, in some position at the club, but could not because of a prohibition agreed to among the parties against the hiring of relatives. Later, Gaffney requested that plaintiff hire his son as a bartender. Plaintiff then requested that his son be allowed to become an employee, and Gaffney refused. Further incidents between the men only increased the hostility.
The issue on appeal is whether plaintiff quit or was fired. If he were fired for no “serious ground of complaint,” then he is entitled to damages. La.Civ.Code art. 2749. Because the trial court is granted discretion in its determination of facts, we cannot find it manifestly erroneous that the trial court found that plaintiff was either fired or was forced to resign by the actions of Gaffney and Barreca. The trial court, therefore, was correct in its determination that plaintiff was entitled to be paid the remainder of his contract.
For the foregoing reasons, the decision of the trial court awarding plaintiff $39,-153.75 on the basis of quantum meruit and awarding him $14,153.75 which he had made as a contribution is reversed. The decision of the trial court allowing Vega to recover the remainder of his employment contract is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART.
SCHOTT and GARRISON, JJ„ dissent with reasons.