## GORDON v. PHILLIPS.

1. P represented to G, that a tract of land he was about to sell him in the State of Georgia, contained 240 acres, and thereupon conveyed it to him by deed, reciting that the tract contained 240 acres, more or less. The vendor afterwards agreed, that if the plaintiff would go on and take possession, and the land should fall short of 240 acres, he would make good any deficiency: Held, an action of assumpsit will lie for the breach of this contract.

Error to the County Court of Macon.

APSUMPSIT by the plaintiff in error. By a bill of exceptions, it appears, the defendant sold the plaintiff a tract of land in the State of Georgia, which he represented to contain 240 acres, and conveyed it to him by deed, which recites, that the tract contained 240 acres, more or less.

It was proved, that the defendant afterwards told plaintiff to go on, and take possession of the land; that the plaintiff was distrustful about the quantity of land, but the defendant promised to go to Georgia, and examine the land, and if it fell short of the estimated quantity, he would make good the deficiency; and the evidence conduced to prove, that but for this promise the plaintiff would not have taken possession of the land. It was proved, that the land contained but 202½ acres, and that the defendant had previously sold a part of the same tract, and conveyed it by deed. The court charged the jury, that conceding the evidence to be true, they must find for the defendant. This was excepted to, and is now assigned as error.

S. WILLIAMS, for plaintiff in error.

G. W. GUNN, for defendant in error, insists that there is no error in the rulings of the court—

1. Because the evidence offered sought to contradict the written contract, or was merged in the same.

2. That if there was fraud, the same was afterwards affirmed by reception of the deed.

3. Because case, and not assumpsit, was the proper remedy, if plaintiff had any. See 7 Ala. Rep. 185; 1 Ib. 320; 6 Ib. 785; Br. Bank at Mobile v. Cullum, 4 Ib. 21; 6 Ib. 303; 9 Ib. 772;

CHILTON, J.—The county court, in excluding the testimony of Jackson, as to the conversation of defendant, had in August, 1843, as well as in its charge to the jury, "that if they believed all the evidence, they could not find for the plaintiff," acted, doubtless, under the supposition that the plaintiff had misconceived the form of action appropriate to his relief. It is certainly true, that the plaintiff was proceeding to recover for breach of defendant's contract, or for the fraud or deceit practiced upon him by Philips, in representing the land as containing 240 acres, when he knew it did not, he could not recover in assumpsit, but must either resort to covenant on his bond, or deed, or to his action of case, for the tort. Such was the decision in Morgan v. Patrick & Smith, 7 Ala. Rep. 185. But it does not follow, that because the vendor may have made false and fraudulent representations as to the quantity of the land which he has sold, and for which fraud an action of deceit would have lain, that he may not afterwards make a promise or contract, based upon such representations as will sustain assumpsit. The deceit which he has practiced to the injury of the vendee, furnishes a strong moral, as well as legal obligation to make restitution. The plaintiff could not recover in the form of action here resorted to, for the fraud, but if, as he contended, and as the evidence conduces to show, the defendant afterwards agreed, if the plaintiff would go on and take possession, and the land, upon an actual survey should fall short of 240 acres, he would make good, by payment, any deficiency, the action of assumpsit would lie to recover for a breach of this contract, and the plaintiff would be allowed to prove the representations of the vendor at the time of the sale, as inducement to the contract, and as establishing its considera-

tion. The action of assumpsit is maintainable, wherever there is an express contract not under seal, to pay money, or perform a duty, or where one can be implied from the circumstances in proof. Chit. Pl. 93.

As a general rule, it is too well established to admit of any doubt, that all parol negotiations between the parties to a written contract, anterior to, or contemporaneous with, the execution of the instrument, are to be considered as merged in the written agreement, but the rule is not to be extended so as to embrace agreements *subsequently* entered into. See Brewster v. Countryman, 12 Wend. 446; Richardson v. Hooper, 13 Pick. Rep. 446; Le Fevre v. Le Fevre, 4 Serg. & R. 241; Munroe v. Perkins, 9 Pick. 298; Fleming v. Gilbert, 3 Johns. Rep. 528. Nor does it extend to collateral and independent facts, about which the writing is silent. Gerrick v. Washburn, 9 Pick. Rep. 338; Hall v. McCubbin, 6 Gill. & Johns. 107.

The proof conduced to show, that notwithstanding the plaintiff accepted a bond, and afterwards a deed of conveyance for the land, describing the quantity as 240 acres, "more or less," that there was a contract subsisting between the parties, at a time subsequent to the execution of the conveyance, to pay for the deficit in the quantity of acres. And the proof offered, and rejected by the court, further conduces to establish the fact, that the plaintiff, in consideration of this subsequent agreement, was induced to take possession of the land. True, the conversation proposed to be detailed by the witness, had after the consummation of the purchase, is by no means conclusive, but it is relevant, and could not therefore be properly rejected.

The charge asked by the plaintiff, "that if the jury believed the plaintiff purchased from the defendant a lot of land in Georgia, and took from him a bond for title, conditioned to convey 240 acres, more or less, and afterwards, and before the plaintiff took possession, he ascertained there was a deficiency in the quantity, and complained to defendant, and that the defendant thereupon insisted said tract did contain 240 acres, but told plaintiff to go and take possession of the land, and that they would measure it, and he would pay for any deficiency, and there was a deficiency, they should find

for the plaintiff," we think was properly refused by the court. The contract stated in the charge, proposes that the land should be measured by the parties, and that the plaintiff should take possession of it, whereas it seeks a recovery without any affirmance by the jury of either of these facts. Besides, there is no count on such a contract in the declaration, and as the charge assumes it as executory merely, and not executed, the plaintiff was not entitled to recover under the declaration. See Dukes v. Lowie, at the last term.

For the error we have noticed in excluding the testimony offered, which, as we have seen, conduced to prove an executed contract, upon which the plaintiff, under the common counts can recover, if he can sufficiently prove it, the judgment of the county court must be reversed, and the cause remanded.