## MELTON *vs.* WATKINS.

1. Where plaintiff claims under an absolute conveyance in fee from defendant, parol evidence of a contemporaneous verbal agreement for the retention of possession by the defendant until he had made another crop on the land, va-ries the legal effect of the deed, and is therefore inadmissible.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEO. D. SHORTRIDGE.

TRESPASS QUARE CLAUSUM FREGIT by John Melton against Evan Watkins, to try titles to a certain tract of land, and to recover damages for its detention. The defendant pleaded not guilty, with leave to give any special matter in evidence.

On the trial, the plaintiff introduced in evidence a deed for the land, from the defendant, conveying the same to him absolutely in fee simple, and dated the 18th of December, 1850; and then proved that defendant was in possession of said land at the commencement of this suit, and remained in possession thereof until the fall of the year 1851; also, the value of the rents and amount of damages during the time defendant had possession. "The defendant then offered to prove, by the subscribing witness to said deed, that, at the time said deed was executed, when defendant was about to sign the same, and immediately before he did sign the same, he and plaintiff made a verbal contract, that defendant was to have the possession of said land to the end of the ensuing crop year; to the introduction of which evidence plaintiff objected, on the ground that it varied the terms of the written contract as expressed in said deed.— The court overruled the objection, and plaintiff excepted. Proof was then made, tending to show a contract that defendant was to retain the possession of the land, either during the balance of the year 1850, or during the ensuing crop year; but no proof was made of any contract subsequent to the signing of the deed.

"Upon this state of facts, the court charged the jury, that said deed, from defendant to plaintiff, *prima facie* entitled the plaintiff to the possession of the land embraced in it, as soon as it was executed; but, if they found from the evidence that there was a parol contract, made by plaintiff and defendant, contemporaneous with the execution of the deed by the defendant, by which defendant was to retain possession of the land to make another crop, and if defendant abandoned possession of said land at the expiration of that time, then they must find for the defendant; to which charge the plaintiff excepted."

The admission of the parol evidence, and the charge of the court, are now assigned for error.

B. T. POPE, for the appellant:

A prior or contemporaneous agreement, inconsistent with the legal effect of a deed or conveyance, is void.—Litchfield v. Fal-

coner, 2 Ala. 280; West & West v. Kelly's Ex'rs, 19 Ala. 354; Walker v. Clay & Clay, 21 Ala. 797.

By the statute of uses, the possession of the vendor of land is transferred to the vendee, and becomes his possession, *eo instanti* with the execution of the deed.—Bliss v. Smith, 1 Ala. 273.

If the terms of a deed are clear, the meaning of the parties must be ascertained by reference to it. The right to the immediate possession, was as much a term of the deed, as the title itself.—McCutchen v. McCutchen, 9 Porter 650; Lamar v. Winter, 13 Ala. 31 ; Dunn and Wife v. Bank of Mobile, 2 Ala. 152; 8 Ala. 349; 2 Porter 29; 4 S. &. P. 96; 2 U. S. Digest, p. 49, §§ 559, 560; *ib.* 57, §§ 750 to 753.

G. C. ELLIS, and MORGAN & WALKER, *contra :*

The admission of the parol evidence was not error : it does not contradict the deed in any particular. The deed conveys the legal title in the land to the grantee ; but the title may well be in him, while the possession and right of possession remain with the grantor. Defendant's possession would not be inconsistent or incompatible with the plaintiff's right of property.—1 Black. Com. pp. 157 to 160.

Parol evidence is admissible to show that a conveyance absolute on its face was intended to operate only as a mortgage or security.—Hudson v. Isbell, 5 S. & P. 67.

A parol agreement, made contemporaneously with a written one, may be established by parol evidence, and maintained, if it does not form a constituent part of the written contract, and does not alter or contradict it.—Garrow v. Carpenter, 1 Porter 359 ; Mills v. Geron, 22 Ala. 669.

CHILTON, C. J.—Melton, in the court below, relied upon the absolute conveyance in fee, executed to him for a tract of land by Watkins, the legal effect of which was to transfer the entire interest, of every kind, which Watkins then had in the land, both as respects the title and the right of enjoyment in possession. The court, however, by its charge, gave effect to a contemporaneous parol agreement, that the possession of the land should be retained for a time by the grantor, no such revocation appearing in the deed, or otherwise in writing.

. This was erroneous. It varied by parol the legal effect of the deed, and took from the grantee an interest which the deed conveyed to him. The rule is too well settled to require the citation of authority, that all previous or contemporaneous parol agreements, or understandings, between the parties, materially altering or varying, by adding to, or subtracting from, the written agreement, must be considered as merged in that agreement, and the writing must be regarded as the evidence and sole expositor of the contract of the parties, when it is clear and unambiguous.—Gordon v. Phillips, 13 Ala. 567, and cases cited on the brief of counsel.

This view does not conflict with Garrow v. Carpenter *et al.*, 1 Por. 359 ; for, in that case, the agreement proved by parol, and which was contemporaneous with the writing, did not go to alter, contradict or explain the writing . at all events, such was the judgment of the court. Nor does it fall within the rule, which allows absolute deeds to be shown by parol to have been intended as mortgages merely. It simply presents the case of a conveyance of an entire interest in land, without reservation of the possession, which the law, in virtue of such conveyance, transfers to the grantee, and an attempt to reserve a term to the grantor notwithstanding the deed, and in palpable violation of its legal effect, by a parol contemporaneous agreement.

As we have said on a former occasion, there is no hardship in requiring parties to make their writing, which they adopt as the evidence of their agreement, speak truly its terms. Were we to depart from this evidence, and to go out in search of parol negotiations, either at or before the time the parties reduced their contract to writing, we should open a wide door for fraud and perjury, and would introduce the greatest uncertainty, in many cases, as to what the contract of the parties really was. The policy of the law is clearly opposed to relaxing the stringency of the rule.—See Seay v. Marks, 23 Ala. R.

Let the judgment be reversed, and the cause remanded.