𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HARPER AND ANOTHER V. WALLERSTEIN.

January 24, 1918.

Absent, Burks, J.

1. SPECIFIC PERFORMANCE—*Contract of Sale—Sufficiency of Description of Land.*—The Chancery Court of the city of Richmond decreed specific performance of a written contract of sale between defendants and complainant, whereby defendants agreed to sell to complainant "that certain property situated in the city of Richmond, Virginia, 'No. 504 east Marshall street and all improvements thereon,' "—which the court ascertained fronted twenty-six feet on east Marshall street, and extended back at a right angle and between parallel lines 98.70 feet. From this decree defendants appealed. The sole question was, what property was embraced by the description. Defendants admitted the execution of the contract of sale, but claimed that they had in mind and only intended to sell the portion of the lot fronting on east Marshall street actually covered by the buildings. Complainant, on the other hand, examined the land books and records to identify the property designated as No. 504 east Marshall street, and these records and other testimony fully identified the property described in the contract of sale and fixed its dimensions as established by the decree under review.

   *Held:* That, there was no error in the decree.

2. VENDOR AND PURCHASER—*Deeds—Description of Property by Number.*—In a city having a known system of notation, regulated by municipal laws and acted upon by every one, the description of premises in a deed or contract of sale by a number is sufficiently definite.

3. DEEDS—*Vendor and Purchaser—Description of Land Conveyed—Parol Evidence.*—The object of a description of land sold or conveyed in a deed of conveyance, or in a contract of sale, is not in and of itself to identify the land sold—that it rarely does or can do, without helping evidence—but to furnish the means of identification; when that is done it is sufficient. That is certain which can be made certain, and evidence *aliunde* is

admissible in all cases where there is a doubt as to the true location of the survey, or a question as to the application of a grant to its proper subject-matter.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Jno. B. Gayle* and *Daniel Grinnan,* for the appellants.

*Arden Howell* and *Samuel A. Anderson,* for the appellee.

WHITTLE, P., delivered the opinion of the court.

From a decree of the Chancery Court of the city of Richmond, granting to the appellee specific performance of a written contract of sale between appellants and appellee of "that certain property situated in the city of Richmond, Virginia, 'No. 504 east Marshall street and all improvements thereon,'"—which the court ascertained fronted twenty-six feet on east Marshall street, and extended back at a right angle and between parallel lines 98.70 feet—this appeal was granted.

The sale was negotiated by an employee of real estate brokers, agents for appellants, and the contract was prepared in their office. The sole question is, what property is embraced by the description, "* * * the following property, to-wit: No. 504 east Marshall street and all improvements thereon."

The entire property owned by appellants was "L"-shaped, one end of which fronted on east Marshall street, and the other end on north Fifth street. The former was improved with a store building sixty-six feet and three inches in length, the latter with a brick stable extending entirely

across the lot from the north Fifth street front. There is a vacant space in rear of the store house, which runs back to a temporary wooden shed attached to the side of the stable toward its rear end.

Appellants admit the execution of the contract of sale, but say that they had in mind and only intended to sell the sixty-six feet and three inches of the lot fronting on east Marshall street actually covered by the buildings; but they did not disclose that fact to appellee. Appellee, on the other hand, examined the land books and records to identify the property designated No. 504 east Marshall street. On the land books he found it charged to appellants as No. 504, containing twenty-six feet by 98.70 feet. He, moreover, inspected a partition deed dated February 18, 1890, between T. H. Ellett and Mary Etta Brown, in which reference was made to a plat drawn by Bates and Bolton January 30, 1880, which papers and the deed from Ellett, trustee, and Mary Etta Brown and her husband to appellants also described lot 504 as having a depth of 98.70 feet. These records and the testimony of J. S. Clark, a civil engineer, fully and plainly identify the property described in the contract of sale and fix its dimensions as understood by appellee and established by the decree under review. Indeed, appellants themselves must so have regarded it, at least for purposes of taxation, since it was their duty to cause it to be correctly entered on the land books, where, as observed, the foregoing dimensions appear. Code, section 634. These, then, being the established facts, the controlling principles of law are not difficult of application.

The case of *Virginia Iron, etc., Co.* v. *Cranes Nest Co.*, 102 Va. 405, 410, 46 S. E. 393, holds, that "A conveyance of all the coal underlying the grantor's tract of land known as the 'Sandy Ridge tract,' adjoining the lands of certain named owners, though not a complete description, will convey the coal underlying the tract as it has been known for

twenty years prior to the conveyance, although the grantor may have intended to except a portion of the tract, the coal under which he had previously contracted to sell to another, and although the description would have been equally accurate if the excepted land was not included. A grantor will not be allowed to change the effect of his conveyance by a statement that he did not intend to include this or that parcel of land therein when such intention was not made known to his grantee at the time and acquiesced in by him."

In *Trout* v. *N. & W. Ry. Co.,* 107 Va. 575, 583, 59 S. E. 394, 397, 17 L. R. A. (N. S.) 702, the court quotes with approval from *Melton* v. *Watkins,* 24 Ala. 433, 60 Am. Dec. 481, as follows: "It (the parol evidence) varied by parol the legal effect of the deed and took from the grantee an interest which the deed conveyed to him. The rule is too well settled to require the citation of authority, that all previous or contemporaneous parol agreements or understandings between the parties materially altering or varying by adding to or subtracting from the written agreement, must be considered as merged in that agreement, and the writing must be regarded as the evidence and sole expositor of the contract of the parties when it is clear and unambiguous."

In *Warren* v. *Syme,* 7 W. Va. 474, it is said: "Intrinsic certainty in a deed relative to specific property is simply impossible. The description can be made certain only by proof or recognition of the identity of the subject to which it refers, or other objects or things that more or less directly and distinctly indicate and determine it. And in the application of deeds and other documents to lands and lots extension latitude is allowed for the discovery and proof, not only of visible monuments or objects mentioned, but of mathematical lines of other lands and lots, and various classes of facts, to which the description or suggestions in the deed may apply  *  *  *  The certainty of a deed is de-

termined by the principles of the common law. The recordation is regulated by the statute alone."

In *Thorn* v. *Phares*, 35 W. Va. 772, 14 S. E. 399, it is held: "The main object of a description of land sold or conveyed in a deed of conveyance, or in a contract of sale, is not in and of itself to identify the land sold—that it rarely does or can do, without helping evidence—but to furnish the means of identification, and when this is done it is sufficient. That is certain which can thus be made certain."

With respect to the sufficiency of the description of lot No. 504:

In *Flanigen* v. *City of Philadelphia*, 51 Pa. 491, syllabus, it is said: "In a city having a known system of notation, regulated by municipal laws and acted upon by every one, the description of premises in ejectment by a number is sufficiently definite." That the city of Richmond has such a system, see City Code, section 35, p. 312.

So, in *Tallman* v. *Franklin*, 14 N. Y. 584, 592, it is said: "Nor do I think there was such an uncertainty in the lots as to render the contract incapable of execution, and; therefore, void. They are described as building lots, on 132d and 133d streets, between the Fifth and Sixth avenues. The numbers of the lots are given."

So also, in *Engler* v. *Garrett*, 100 Md. 307, 397, 59 Atl. 648, 650, the court says: "Nor do we think there can be any objection to the contract on the ground of uncertainty. It describes the property as No. 2035 N. Fulton avenue, and further designates it as the property occupied by Samuel S. Linthicum. This certainly is quite as definite and certain as the description we held good in the case of *Kraft et al* v. *Egan*, 76 Md. 252, [25 Atl. 469], where it is said that a decree for specific performance will not be refused merely because the contract does not state in what county or State the lands agreed to be conveyed lie, provided the

description of the premises is not thereby rendered altogether indefinite."

In *Scheible* v. *Slagle*, 89 Ind. 324, syllabus, it is said: "The office of a description in a deed is not to identify the land conveyed, but to furnish the means of identification; and, when there is a general designation of the property intended to be conveyed, parol evidence is competent to show what property the description covers." And in the opinion, at p. 330-1 of 89 Ind. it is said: "The rule prohibiting the contradiction of written instruments by oral evidence is not invaded by permitting testimony of the declarations of the grantor as to the character and condition of the property in cases where there is a mere general description of the real estate which the grantor assumes to convey. Where there is a general description of the property intended to be conveyed, it is competent to show by parol what property the description covers."

In *Pittsburg, C., C. & St. L. Ry. Co.* v. *Beck*, 152 Ind. 421, 53 N. E. 439, it is said: "Uncertainty in the description in a deed is immaterial, if the premises intended to be conveyed can be identified by means of the description, in connection with other conveyances, plats, lines, or records well known in the neighborhood, or on file in public offices."

The latest pronouncement of this court on the subject will be found in the case of *Asberry* v. *Mitchell*, 121 Va. 276, 93 S. E. 638.

We think the cases relied on by appellants, of which *Grayson L. Co.* v. *Young*, 118 Va. 122, 86 S. E. 826, is a type, are distinguishable from the case in judgment. In that case it was sought by extrinsic evidence to supply *defects* and *omissions* in the *terms* of the *written contract*, not, as in this case, merely *to apply* the contract to its subject matter.

Upon the whole case, we are of opinion that the decree appealed from is without error and should be affirmed.

*Affirmed.*