BARBARA A. JONES

v.

THOMAS R. JONES

No. 2244-92-4

Decided March 15, 1994

COUNSEL

Dennis J. Smith (Shoun, Smith & Bach, P.C., on brief), for appellant.

Mark A. Barondess (Mark B. Sandground; Cheryl M. New; Judy Tyrrell; Sandground, Barondess & West, P.C., on brief), for appellee.

OPINION

BENTON, J.—During the pendency of a divorce suit, the parties entered into a property settlement agreement that required them to divide equally their pension and retirement accounts. This case arises from the parties' failed attempt to agree on a common construction of one provision of the agreement. The wife contends in this appeal that the trial judge erred in fixing her share of her husband's individual retirement account to be a specific amount determined at the date deemed reasonable for the division of the account. We affirm the judgment.

I.

The evidence proved that husband and wife entered into the agreement on March 22, 1991, while their divorce action was pending. Three days later, a judge of the circuit court entered a final decree of divorce that affirmed, ratified, and incorporated the provisions of the agreement. Paragraph 4(j) of the agreement provides as follows:

*Pension Plans and IRA's.* The parties agree that all pension and retirement plan accounts and Individual Retirement Accounts in either party's name shall be divided equally between them. The parties' accountants, Lin Watson and Ken Cleveland, shall oversee and render assistance in said division, the specifics of which shall be set forth in a Qualified Domestic Relations Order (QDRO) to the extent required by law.

When the parties could not agree upon the division, the wife filed a motion for relief. At the evidentiary hearing, the testimony of the parties differed only slightly concerning when they actually intended the equal division of the husband's IRA to occur. Hus-

band testified that he agreed to give the wife one-half the value of the account as of the date of the agreement. The wife testified that the account was to be divided as soon as possible after the date of the agreement.

In addition, William Korn, the account executive who administered the husband's IRA, testified that wife's counsel told Korn on August 8, 1991, that wife wanted one-half of what was in the IRA account "and that she wanted cash from the account, or her share of it in cash." The account's assets consisted primarily of stock. Korn acted upon the request and sold one-half of the account's portfolio and put the proceeds in a money market account. Korn further testified that several days after his conversation with wife's counsel, wife's counsel again telephoned him and asked for the wife's share in stock, not in cash. Korn informed counsel that one-half of the portfolio had already been sold and the proceeds had been placed in a money market account pending disbursement to the wife. Korn further testified that he only sold the stock because of his conversation with wife's counsel. Korn acknowledged that the husband, in whose name the account was established, never authorized the sale and, further, that only the husband had the power to authorize the sale of the stock.

The money market portion of the account earned annual interest at rates between three and four percent from August 1991 until September 1992, the date of the evidentiary hearing. Husband's counsel represented to the trial judge that the stock portion of the account experienced a greater appreciation in value during that same period. No evidence proved, however, the difference in value between the stock and money market portions of the account at the time of the hearing.

Applying general contract principles, the trial judge ruled that if a contract is silent regarding the time of performance, the time of performance will be deemed to be within a reasonable time after the execution of the agreement. The trial judge entered a judgment for the wife in the amount of $139,603, one-half the value of the account as of March 28, 1991. The trial judge also ruled that the wife was to be paid the legal rate of interest on that amount from that date.

## II.

■ The rule in Virginia has been long established that "when a contract is silent as to the time within which an act is to be performed, the law implies a reasonable time." *Grossmann v. Saunders*, 237 Va. 113, 120-21, 376 S.E.2d 66, 70 (1989). *See also Merriman v. Cover*, 104 Va. 428, 442, 51 S.E. 817, 821 (1905). The rule also provides that "what constitutes a reasonable time is generally an issue to be decided by [the trier of fact], under all the circumstances of the case." *Grossmann*, 237 Va. at 121, 376 S.E.2d at 70.

The wife argues that "[t]he question here is the *method of implementation* so as to effectuate the parties' intent that they each receive equal portions of the retirement accounts." We conclude, however, that the trial judge correctly decided the case upon the evidence that was presented. The trial judge focused initially upon the date of performance. The record supports the trial judge's conclusions that the agreement did not specify the time at which the division was to occur and that the date had to be determined. Furthermore, the trial judge applied the proper standard in ruling that, in the absence of a provision in the agreement specifying a date of division, the law implies a reasonable time within which the division was to be performed. *See id.*

The trial judge fixed March 28, 1991, as the time of the division, a date closest to the date of the agreement for which value was proved. We conclude that the trial judge did not err in determining that the date was reasonable for purposes of effecting the parties' agreement. The date was practicable because value was proved as of that date. Although the trial judge might have used as the appropriate time the date the account was divided into distinct stock and money market portions, the record does not reflect the value of the account at that date. Furthermore, no evidence proved that the trial judge's choice of March 28, rather than August 8, as the date to determine the division, prejudiced the wife or significantly affected the amount of proceeds that the wife received.

■ We also conclude that the trial judge did not err in refusing the wife's request to order a division of the account into two equal shares without reference to any specific date. The record reflects that wife's counsel initiated the discussion with the administrator

of the husband's IRA that led to the sale of stock and the creation of the money market portion of the account. The trial judge had a valid basis upon which to conclude that the wife was estopped by her conduct from claiming that she was entitled to any benefit that might have accrued to that portion of the IRA account that remained as stock. *See Emrich v. Emrich*, 9 Va. App. 288, 293-94, 387 S.E.2d 274, 276 (1989); *Atlantic Coast Line v. Bryan*, 109 Va. 523, 526, 65 S.E. 30, 31 (1909). Furthermore, the trial judge awarded the wife interest on the value of her share of the account from March 28, 1991. "Prejudgment interest . . . is permitted by statute, and is designed to compensate the plaintiff who has been without relief for an extended period of time." *Gill v. Rollins Protective Servs. Co.*, 836 F.2d 194, 198 (4th Cir. 1987).

Accordingly, we conclude that the trial judge did not abuse his discretion in entering a judgment for the wife of a sum certain equivalent to one-half the amount in the IRA account on the date that was reasonable for the division to have occurred and in ordering interest from that date.

*Affirmed.*

Elder, J., and Fitzpatrick, J., concurred.