## CIRCUIT COURT OF THE CITY OF RICHMOND

George F. Coleman, Jr.,
Successor Trustee, etc.

v.

15th and Cary, L.L.C.

August 10, 2005

Case No. CH05-859-4

By Judge Randall G. Johnson

This is an action to enforce a settlement. It is before the court on plaintiff's motion for a default judgment which, since this is a chancery cause, the court interprets as a motion to have the bill of complaint taken for confessed, and on defendant's motion for an extension of time to file responsive pleadings.

The bill of complaint alleges that, in June 2004, the parties entered into an agreement settling a then-pending lawsuit between them. In that lawsuit, George F. Coleman, Jr., as successor trustee of two trusts, sought to require 15th and Cary, L.L.C., a Virginia limited partnership, to demolish a certain structure, referred to by the parties as "the Structure," that is physically attached to two buildings separately owned by the parties. It was Coleman's position in that lawsuit that the Structure, which is owned by 15th and Cary, was in imminent danger of collapse, that Coleman's building would thereby be damaged, and that third parties might also be injured, raising the possibility that Coleman would face liability to such third parties. In the present action, Coleman claims that, in the written agreement settling that case, 15th and Cary agreed to demolish the Structure. The parties also agreed, according to Coleman, on a number of other things, such as dividing the cost of repairing any damage caused to Coleman's building as a result of the demolition of the Structure and

otherwise cooperating on matters related to the demolition. Coleman asks the court to enforce the agreement, 15th and Cary still not having demolished the Structure as agreed.

The bill of complaint was filed on May 20, 2005. It was served on 15th and Cary's registered agent on May 26, making responsive pleadings due by June 16. No responsive pleadings were filed. 15th and Cary's motion for leave to file responsive pleadings was filed on July 29. The only reason offered for 15th and Cary's tardiness is that there was some confusion on 15th and Cary's part about who its lawyer was, its former lawyer no longer representing it. The court feels that such explanation is not reasonable and does not constitute good cause for 15th and Cary's failure to respond within twenty-one days of service. Its motion for an extension of time is denied, and Coleman's motion to have the bill taken for confessed is granted.

Having taken the bill for confessed, the court must still determine whether the specific relief requested, an order requiring 15th and Cary to demolish the Structure, can be granted. This is true because, in spite of Coleman's allegations set out above, 15th and Cary contends that the settlement agreement does not require it to demolish the Structure, but only apportions costs and establishes other rights and obligations if such demolition occurs. Since the agreement does not require it to demolish the Structure, argues 15th and Cary, this court cannot require it to do so now. The court holds that the settlement agreement requires 15th and Cary to demolish the Structure.

Stated bluntly, there is no reasonable way this court could conclude that the settlement agreement does not require 15th and Cary to demolish the Structure, and 15th and Cary's arguments to the contrary are rejected in their entirety. In fact, only if the court were to conclude that 15th and Cary was attempting to perpetrate a fraud on Coleman when it signed the agreement and that Coleman was naive beyond belief, could the court possibly hold otherwise. The fifth "Whereas" clause of the agreement states that both parties "desire that the Structure be demolished *and Coleman agrees to the demolition of the Structure.*" Emphasis added. The sixth "Whereas" clause states that 15th and Cary "*plans to demolish the Structure* and to perform certain other renovations. . . ." Emphasis added. Substantive Paragraph 4 provides that 15th and Cary will pay the "reasonable, actual expenses of labor and materials to close the door openings in the three floors of the brick wall of the Coleman Building, to which the Structure *was attached, that will be exposed by the removal of the Structure. . . .*" Emphasis added. Paragraph 5 refers to estimates for

other work being sought within a reasonable time *"after the completion of the removal of the Structure,"* and Paragraph 6 requires 15th and Cary to pay for the restoration of telephone service that may be disconnected *"as a result of the demolition of the Structure."* Both emphases added. There are other equally telling references to the demolition of the Structure as well, but nothing would be gained by citing them all. They and the ones just cited clearly and conclusively show that the agreement was more than a "what if" scenario in the event of a theoretical demolition to which 15th and Cary was not formally committed. It was a formal agreement by 15th and Cary to carry out the demolition. The only thing missing was a time limit for the demolition to occur. Contrary to 15th and Cary's argument, that omission is not fatal.

> The rule in Virginia has been long established that "when a contract is silent as to the time within which an act is to be performed, the law implies a reasonable time." . . . "[W]hat constitutes a reasonable time is generally an issue to be decided by [the trier of fact], under all the circumstances of the case."

*Jones v. Jones,* 18 Va. App. 52, 55, 441 S.E.2d 360 (1994) (*quoting Grossmann v. Saunders,* 237 Va. 113, 120-21, 376 S.E.2d 66, 70 (1989)). *See also Firebaugh v. Whitehead,* 263 Va. 398, 405, 559 S.E.2d 611 (2002); *Merriman v. Cover,* 104 Va. 428, 442, 51 S.E. 817, 821 (1905).

It has now been more than fourteen months since the parties entered into their settlement agreement. Even so, the court must hear evidence before deciding whether a reasonable time has passed in which 15th and Cary was to perform its obligations. The court will be very interested in hearing its evidence and argument if it contends that a reasonable time has not yet passed.

Counsel are directed to consult with their clients and with each other and to schedule a hearing to present evidence and argument on the appropriate remedy in this case.